## TERRITORY OF UTAH,

FROM THE

## ORGANIZATION OF THE TERRITORY

UP TO AND INCLUDING

## THE JUNE TERM, 1876.

---

### THE PEOPLE, &c., *Respondent, v.* MORONI GREEN, *Appellant.*

POWERS OF A GRAND JURY IN THE DISTRICT COURTS.—A Grand Jury summoned from the body of the Judicial District in which the Court is held, has the right to inquire into the violations of the Territorial criminal laws, co-extensive with the District.

CONSTRUCTION OF SECTION 17 OF THE ACT REGULATING THE MODE OF PROCEDURE IN CRIMINAL CASES.—Section 17 of "An Act regulating the mode of procedure in criminal cases," approved January 21st, 1853, does not apply to proceedings in the District Courts.

THE COMMON LAW IN FORCE IN UTAH.—Section 17, of the Organic Act of Utah Territory, approved September 9th, 1850, extends the Common Law over the Territory of Utah, and a Grand Jury impaneled for the District Courts must consist of twenty-three persons.

APPEAL from the District Court of the First (now Third) Judicial District, Great Salt Lake County.

The Defendant was indicted in October, 1855, by the Grand Jury of said District, for the crime of an assault

with intent to kill and murder one Nathan Tanner, and upon the trial was convicted and sentenced to imprisonment for the term of six months. The indictment contained two counts, and the Defendant pleaded "not guilty" as to both. The verdict was as follows:

"We, the Jury, find a verdict of guilty on the second count in the indictment unanimously by imprisonment for the term of six months." A. L. FULLMER, *Foreman.*

The Defendant made a motion in arrest of judgment, which was overruled. The other facts are stated in the opinion of the Court:

*A. W. Babbitt*, Attorney for Appellant.

*Albert Carrington*, Attorney General, for Respondent.

DRUMMOND, Justice, delivered the opinion of the Court:

Upon the trial of this cause in the Court below, we find the following bill of exceptions was taken, a proper construction and understanding of which will most fully and clearly settle all the points and questions raised in this case, to-wit:

"Be it remembered that on the trial of this cause A. W. Babbitt, Esq., Attorney for the prisoner, moved to quash the indictment on the ground that the Jury who found the Bill of Indictment was not taken from the body of Great Salt Lake County, but from the First Judicial District of the Territory of Utah, which motion the Court overruled, holding and deciding that although the crime charged in the indictment was against the laws of the Territory of Utah, and the Court was doing Territorial business, yet its jurisdiction was co-extensive with the District, and the Grand Jury had a right to inquire into the violations of the Criminal Laws of the Territory within the said First Judicial District. To which the defendant excepted and prays the Court sign and seal this Bill of Exceptions, which is accordingly done. J. F. KINNEY, *Judge.*
Nov. 2d, 1855. First District."

It seems that the defendant in the Court below moved the Court to quash the indictment on the ground and for the reason that the Grand Jurors who found the bill of indictment were from the body of the First Judicial District, and not from the body of the County of Great Salt Lake, in which County it is alleged the crime was committed, and in support of his position relies on the 17th section of "An Act regulating the mode of procedure in criminal cases," found on page (459) four hundred and fifty-nine of the R. S. of Utah, 1855.    The words of the Statute are:  "When necessary, the Court shall issue an order requiring an officer to summon fifteen judicious men, residents of the County for a Grand Jury, who shall be sworn to inquire faithfully into offences, and present indictments by the agreement of at least twelve of their number against offenders who should be prosecuted; and the foreman shall have power to swear witnesses and compel their attendance."   Were we to decide this Statute of the Territory of Utah to be applicable to the District Courts, we would make a decision in derogation of the Common Law, which is most positively extended over the Territory of Utah by the express language of the Act of Congress providing a Territorial Government for Utah, approved September 9th, 1850, the 17th section of which was relied on by the plaintiff in error, and reads as follows, viz:  "That the Constitution and Laws of the United States, are hereby extended over and declared to be in force in said Territory of Utah, so far as the same or any provision thereof may be applicable."   We are most fully of the opinion that the jurisdiction of the Court is co-extensive with the District, and that it is competent to take both Grand and Petit Jurors from the body of the District, irrespective of the county in which the crime was committed.    We are further of the opinion that the Act of the Legislature in question was never intended by the legislators, or the most obtuse minds, to apply in any manner possible to the Federal or District Courts, and to give a decision of that kind would be wholly unwar-

ranted in the history of adjudications in this country; a violation of the spirit and most express provisions of the Organic Act of the Territory of Utah, and an entire abrogation of all the authorities, both English and American, upon the rights of man in connection with the boasted liberty of a trial by Jury from the vicinage, (most clearly in this case meaning the jurisdiction of the Court). From the peculiar phraseology of the language in the 17th section of the Act of the U. T. Legislature, we cannot come to any other conclusion than that the Act was intended to apply to County Courts, and to County Courts only; it cannot by any rule of science known to the law, nor by only forced or far stretched construction of the English language, be made to apply in any way whatever to the Federal District Court. But we hold that the number of Jurors in those Courts must be twenty-three Grand Jurors, as at Common Law, and no act of the Utah Legislature made in derogation thereof can take away that law or that power. It is fixed by the Organic Law of the Territory, and is as binding in all its efficacy and provisions as the Constitution of any of the States of this Union. Indeed, the Organic Act of the Territory is to this Territory what a Constitution is to a State, and all laws attempted to be passed by the Legislature must strictly comply with its provisions, or they are *void ab initio*, and no length of time or the consent of parties can make them anything but *coram non judice*. The Court decided correctly in overruling the motion to quash the indictment.

The Counsel for the appellant in his argument seemed to be quite zealous in obtaining a decision from this Court in favor of the enactments of the Utah Territorial Legislature, and insisted on a decision on the Territorial Laws in this case under the provisions and spirit of Sec. 6 of the Organic Act of this Territory. That part of the section relied on reads as follows: "And be it further enacted that the Legislative power of said Territory shall extend to all rightful subjects of Legislation consistent with the Constitution of the United States and the pro-

visions of this Act." To say that men unlearned in the science of the law are competent at all times, although ever so honest or blessed with ever so many heavenly gifts and blessings, to determine the technical legal bearing and proper construction of an Act of their own making, or the law of Congress, is something that this Court cannot concede. The law must be construed by men learned in the Law, and not by virtue of any Priesthood, and while we are willing to make due and proper allowance for the inexperience of the Utah Legislators, duty to the law of the land and particularly to the form of the American Judiciary requires us to say that the acts of the Legislature of this Territory in encroaching on the provisions of the Organic Act are unwarranted in law. They have no right, nor indeed can they increase or diminish the powers of the Federal Courts of this Territory. They are fixed, to be altered only by a higher Legal Tribunal than this Court, or by the Congress of the United States; and it is noonday madness to contend that the Legislature of Utah Territory is competent in power to overthrow that instrument, or add to, or take from its provisions. We can see no analogy in legal parlance, between the 6th section of the Organic Act, and the act of the U. T. Legislature. If it is to be conceded that the doctrine contended for by the Counsel for the appellant is the true doctrine, then the Legislature would have a right to say as they virtually have, that a Grand Jury should consist of fifteen men, a Petit Jury of three men, and a verdict rendered when two out of three, or eight out of twelve, should agree. Thus the Legislature has attempted to do. See R. S. 1855, page 134, sec. 13. Not only so, but they would have a right to create an inferior Court with co-equal jurisdiction with the Federal Courts, to curtail the jurisdiction of the Federal Courts and confine them to chancery causes alone, or confine them to law and chancery business and give all Criminal business to inferior Courts, or confine the Federal Courts to an amount limited in dollars and cents, and all beyond that amount handed over to an inferior Court. By the

same rule of legislating and the same rule of construction the Federal Courts could be shorn of comparatively all the powers confirmed upon them by the American Congress, and it is asking by far too much of this or any other Court to make a decision fraught with so many evils and pregnant with so many disastrous consequences.    The spirit of the Law, reverence for the age in which we live, and regard for the happiness of unborn millions, as well as a duty paramount to all else which we owe to the Judiciary, forbid that this Court should be the first in America to establish a doctrine so hateful in its features and so repugnant to all the finer feelings of man in an improved and scientific age, and filled with all the blasts and mildews of an ever intelligent and hopeful confiding American Judiciary.

The Appellant relied some little upon some other authorities, as quoted and referred to in this opinion; but as we deem them wholly inapplicable to the questions at issue herein, a reference to or a discussion of them is deemed wholly useless.

True it is that there was another bill of exceptions in the case, made after the verdict of the Petit Jury was received, and to the same tenor and effect of the one already so fully discussed, and as the same doctrine and same ruling must forcibly apply to a Petit Jury as to qualifications, age and vicinage, as to a Grand Jury, we deem it unnecessary to say anything farther on the subject of either Grand or Petit Jurors, other than to say that as the jurisdiction of the United States District Judges is equal and co-extensive with their Districts, it is proper and right to select both from the body of the entire District.    And the force of this rule and argument is the more apparent when it is a fact notorious that there are many unorganized counties in this Territory, and many others organized with a population too small and few in numbers to obtain a Grand Jury of twenty-three, and a Petit Jury of twenty-four competent men.    The reasoning of the Counsel for the Plaintiff in Error might apply with force and vitality to the Probate

Courts of this Territory, were they legally clothed with the powers which the Legislature of the Territory of Utah have sought to confer upon them, but cannot apply with any degree of legal lore to the Federal Courts. Upon the whole, after a careful examination of the Law arising in this case, and a due examination of the record, we can see no error in the ruling and decisions made in the Court below. We are of opinion that that part of the verdict and judgment of the Court below, which relates to the imprisonment of the Defendant, be and hereby is affirmed. But as the case for which Green was convicted seems to have been an aggravated one, this Court does remit the costs of the prosecution, both in this Court and in the one below. It is therefore ordered by this Court that the Defendant be conveyed to the Penitentiary of Utah Territory by the United States Marshal of this Territory, within ten days from this date, and there delivered to the Warden of said Penitentiary, to serve for and during six months term of imprisonment in the said Penitentiary of Utah.

Judgment affirmed.