RUDOLPH KONOLD, RESPONDENT, *v.* THE RIO GRANDE WESTERN RY. CO., APPELLANT.

1. *Constitutional Law—Venue.*
    Under Const. art. 8, § 5, all actions, civil and criminal, must be commenced and tried in the county in which the causes

| 16 | 151 |
|----|-----|
| f16 | 347 |
| f16 | 402 |
| f16 | 409 |
| 17 | 173 |
| e17 | 276 |
| f17 | 437 |
| f17 | 502 |
| f18 | 375 |
| 19 | 184 |
| 16 | 151 |
| a20 | 121 |
| 20 | 301 |
| 16 | 151 |
| 21 | 73 |
| 16 | 151 |
| 23 | 632 |
| 16 | 151 |
| 25 | 367 |

arise, unless a change of venue be taken, after suit brought in the proper county, in such causes as may be provided by legislative enactment.

2. *Same—Jurisdiction—Waiver.*

When a suit is commenced in a county other than where the cause arose, the court has no jurisdiction to try the case, but has power simply to dismiss the action, and the objection that the court has no jurisdiction to hear and determine the cause cannot be waived.

3. *Constitutional Law—Statutory Construction—Statutes—Validity of.*

The provisions of Comp. Law, §§ 3193, 3194 (Sess. Laws 1896, p. 90, c. 17), must be limited to actions commenced in the proper county. The provisions in section 3195, that certain actions against a county may be commenced and tried in any county, and sections 3196 and 3197, and subdivision 1 of section 3198, of the same chapter, are in conflict with Const. art. 8, § 5, and are void.

(No. 859.　Decided Nov. 11, 1897.)

Appeal from the Second district court, Weber county. H. H. Rolapp, *Judge.*

Action by Rudolph Konold against the Rio Grande Western Railway Company to recover damages for personal injuries. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Bennett, Harkness, Howat & Bradley,* for appellant.

*Richards & Macmillan* and *A. E. Pratt,* for respondent.

The motion for change of venue was properly denied: *People* v. *Richie,* 12 Utah 193, and citations; *Crookton* v. *C. M. Co.,* 13 Utah 116.

The statute must be followed in making an application for change of venue: *Railway Co.* v. *Railway Co.,* 6 How. Prac. 107; *Houck* v. *Lasher,* 17 How. Prac. 522; *Marsh* v.

*Lowry*, 16 How. 42; *Hasbrouck* v. *McAdam*, 4 How. Pr. 342; *Penniman* v. *Fuller*, 133 N. Y. 442; *Elam* v. *Griffin*, 19 Nev. 442; *Penny* v. *Visher*, 94 Cal. 323.

Right to change of venue may be waived: *Ex parte Whitmore*, 9 Utah 445, citing: *Mining Co.* v. *Mfg. Co.*, 4 Nev. 222; *Watts* v. *White*, 13 Cal. 321-4; Sec. 3197 C. L. 1888; *R. R. Co.* v. *McBride*, 141 U. S. 127; *Graham* v. *Stowe* (Ind. Ty.), 37 S. W. 837; *Hearne* v. *De Young et al.* (Cal.), 43 Pac. 1109; *Exeter Nat. Bank* v. *Orchard* (Neb.), 61 N. W. 834; *Elliott* v. *Whitmore*, 10 Utah 25, 251; *Elam* v. *Griffin*, 19 Nev. 443; citing: *Hasbrouck* v. *McAdams*, 4 How. Pr. 342; *Houck* v. *Lasher*, 17 How. Pr. 520; *Milligan* v. *Brophy*, 2 Code Rep. 118; *Estrada* v. *Orena*, 54 Cal. 407; *Byrne* v. *Byrne*, 57 Cal. 348; *Watkins* v. *Dregener*, 63 Cal. 500; *Buck* v. *City of Eureka*, 31 Pac. 845.

Laying venue in the wrong county is not a jurisdictional effect:   *Wasson* v. *Hoffman* (Colo.), 36 Pac. Rep. 445; citing: *Smith* v. *People*, 2 Colo. App. 99; *Fortier* v. *Board of Co. Comrs.*, 47 Pac. 391; *Fletcher et al.* v. *Stowell*, 17 Colo. 94; *Spaulding et al.* v. *Kelley* (Mich.), 33 N. W. 803; *Woodward* v. *Hanchett*, 9 N. W. Rep. 469; *Territory ex rel. Travelers' Ins. Co.* v. *Judge of Dist. Court*, 38 N. W. 439; *West* v. *Walker*, 46 N. W. Rep. 820.

BARTCH, J.:

This action was commenced in the district court of Weber county, to recover damages for personal injuries, which the plaintiff claims he sustained through the negligence of the defendant. Before and at the time of trial the defendant challenged the jurisdiction of the court to try the case by motion and affidavit, but the motion was denied, the cause tried, and a verdict and judgment rendered in favor of the plaintiff. This appeal is from the judgment.

It appears from the record that at the time of the

injury the plaintiff was a locomotive engineer in the employ of the defendant company, and operating one of its engines to pull a freight train over its line of railroad from Ogden, Utah, to Grand Junction, Colo. While so operating its engine, the boiler exploded, and caused the injury of which the plaintiff complains. The place where the explosion occurred is in Emery county, Utah. Under the facts, the decisive question presented is whether the district court of Weber county had jurisdiction to try the case. Counsel for the appellant contend with much zeal that chapter 17, under the provisions of which the case appears to have been brought in Weber county, and chapter 93, Sess. Laws 1896, are in conflict with the constitution of the state, while counsel for the respondent maintain with equal vigor that the constitution neither in express terms nor by implication provides where civil or criminal actions shall be commenced; that chapters 17 and 93 are not in conflict with that instrument; that the court had jurisdiction; and that the appellant waived any right it might have had to a change of venue by appearing at the trial, and contesting the case after its motion was denied. The provision of the constitution respecting the place of the trial of causes, is found in section 5, art. 8, thereof, and reads as follows: "All civil and criminal business arising in any county must be tried in such county, unless a change of venue be taken, in such cases as may be provided by law." It is argued in behalf of the respondent that the provision does not fix the place for the commencement of actions; that the business referred to is simply the business of the court, and that the word "arising" was used in the sense of "having been commenced;" and, as is urged, that the place where actions shall be commenced was left to legislative enactment. Carried to its legitimate conclusion,

this contention means, not only that the legislature has the power to provide that actions, civil and criminal, may be commenced in any county in the state, regardless of where the causes of action arise, but also that the provision of the constitution is merely directory, for otherwise we would have the absurdity of commencing an action in one county, under legislative enactment, only to be compelled to have it transferred to another for trial, under constitutional provision. Such a construction would be a violation of the spirit and terms of the provision itself, as well as of Const. art. 1, § 26, which provides: "The provisions of this constitution are mandatory and prohibitory, unless by express words they are declared to be otherwise." Would counsel undertake to maintain that there are any express words in section 5 which declare its provisions to be otherwise than mandatory or prohibitory? The language is not that the business "may be," but that it "must be, tried" in the county where it arises. Or would counsel seriously contend that, if a crime were committed at the northern border of the state, the prisoner might be indicted in a county on the southern border? Yet such would be a fair inference from their arguments on this branch of the case. No such result was intended by the framers of the constitution. The word "business" was used as a general term to include causes of action and all other. business which might arise in any county, and the manifest intention was that all suits, civil and criminal, should be brought, and the cases tried, in the county in which the causes of action arose, unless a change of venue should be taken in such cases as might be provided by law. The last clause of the provision confers upon the legislature discretionary power to provide for a change of venue in cases where that body may deem it necessary, but even

in this class of cases the legislature has no power to authorize an action to be brought, in the first instance, in any other county than the one in which the cause arose. Section 5 is mandatory with respect to the matter under investigation, and nothing appears from the context which warrants a different interpretation from that adopted herein. To hold that the word "arising" was used in the sense of "having been commenced," would be to do violence to the true meaning of the provision, and would lead to the absurdity of authorizing the bringing of an action in a county in which it could not be tried. Neither the legislature, by enactment, nor the courts, by judicial construction, may explain away or alter the effect and operation of the organic law of the state. Alike they are bound to give effect to its plain meaning and intendment. The interpretation which we are thus impelled to give is also in harmony with all our notions concerning venue, for when we speak of venue we mean the county or jurisdiction in which the acts are alleged to have occurred, and from which the jury are to come to try the issue. Bouv. Law Dict. It will be seen that this is wholly incompatible with the theory advanced in this case, that the plaintiff has the right to lay the venue in a county other than the one where the supreme law of the state has already said the case must be tried. True, the venue or place of trial of actions is generally left for legislative enactment, and such a provision as the one under consideration is unusual in a constitution; but it was clearly within the power of the constitutional convention to adopt it, and of the people to ratify it. Having done so, it has become the will of the sovereignty, and it is our duty to give it effect.

An examination of the laws of the territory of Utah in force prior to and at the time of the constitutional con-

vention, and of the practice of the courts, respecting the place of trial, is quite convincing to the mind that the provision in question was inserted into the constitution deliberately, and for the purpose of limiting the power of the legislature in that regard. The territory was divided into certain judicial districts, each of which comprised a number of counties; and for a long time, and up to a recent date before that convention, court was held in but one county in a district. In the last few years of the territorial government, however, owing to the dissatisfaction of the citizens, court was held in two or more different counties in some of the districts. This state of affairs imposed great hardship and unnecessary expense upon the litigants of counties in which there were no terms of court, because of the long distances which such litigants, their witnesses, and the jurors, for they were drawn from the whole district, were compelled to travel to reach the place of trial. Under the practice then existing, a plaintiff was not even confined to the district where the cause of action arose, but might bring his suit in any district, and have it tried there, unless the defendant demanded a change of venue, and assumed an additional expense to have the case removed to the proper district. All this may be gleaned from the public records, of which we have a right to take notice. That the system was unsatisfactory to the populace was notorious, and is evidenced by the radical changes made by the constitution, not only respecting the place of trial and change of venue, but also the places for the holding of terms of court, which terms, under the state government, are to be held in every county. Would it be reasonable, in view of these facts and the circumstances which existed when the constitution was framed, to hold that the framers of that instrument, especially those

from the counties whose people were subject to the extra burdens and hardships, inserted into that instrument the provision of section 5, above quoted, for no other purpose than to continue in force the very practice and system which had been notoriously condemned? This, too, in face of that fact that the constitution provides for the holding of terms of court in every county of the state, and thus removes the excuse for the existence of the former practice. Evidently the intention was to prevent the legislature from continuing in existence what had been denounced as a wrong, and possibly fears were entertained that, under the practice in vogue, the business of the courts would gravitate too much to the centers of population in derogation of the more remote counties. Whatever may have been the motive which prompted the provision, it must be recognized as the paramount law on the subject.

It is also insisted for the respondent that, even if that provision be construed as requiring a suit to be brought in the county where the acts complained of occurred, the bringing of an action like the one at bar in any other county is not jurisdictional, because a district court within any county has jurisdiction of this class of cases. The question, however, is not whether the district court of any county has jurisdiction of such a case arising within its county, but whether that court has jurisdiction to try an action commenced before it when the matter or thing which gave rise to the controversy occurred in another county. Jurisdiction is the power to hear and determine a cause, and to render the particular judgment entered in the case. 12 Am. & Eng. Enc. Law, 244 *et seq.* The exercise of the power must be considered with reference to the territory within which it is to be exercised. Bouvier; *Bissell* v. *Briggs*, 9 Mass. 462. This is so, under the

constitution, as to transitory actions, including those sounding in tort, as well as to all other civil actions and criminal actions. Hence, though a court has jurisdiction of the subject-matter of an action commenced in the county where the cause arose, and power to hear and determine the cause, and render judgment therein, yet the same court, in a like case, brought before it in the first instance, has no such jurisdiction and power, if it appear as a fact that the cause arose in another county, or without the territorial limits of its jurisdiction; and if the court assumes jurisdiction under the circumstances last indicated, and attempts to hear and determine a cause, any judgment which it may render will be null and void, and of no effect whatever. The only power it has, under such circumstances, is to dismiss the case. The objection that the court has no jurisdiction to hear and determine the cause cannot be waived.

The fact that the constitution does not, in express terms, prohibit the bringing of actions in any other county than the one wherein the cause arose does not confer power upon the legislature to authorize the district courts to assume jurisdiction. It is a fundamental right of every defendant to an action in this state to have the same commenced and tried within the county where the acts are alleged to have occurred, subject to a change of venue in such cases as may be provided by law. To prevent the legislature from taking away this right, express words of inhibition were not necessary. The positive direction that "all civil and criminal business arising in any county must be tried in such county" contains an implication against anything to the contrary, or which would frustrate the purpose and object of the provision. These fundamental rights respecting the trial of causes having been declared by the constitution, it was not

necessary to prohibit the legislature, in express terms, from taking them away. The declaration itself operated as a restraint upon the legislative power. Cooley, Const. Lim. 209; *People* v. *Draper*, 15 N. Y. 532.

This court, in *Jungk* v. *Holbrook*, 15 Utah 198, intimated, in conformity with the views hereinbefore expressed, that the provisions of section 5 of the constitution were mandatory and jurisdictional. So the supreme court of California, under a constitutional provision that all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate should be commenced in the county in which the real estate was situated, in an action to quiet an adverse claim to land, brought originally in a county other than the one where the land was situated, held that the court had no jurisdiction over the case, that this objection could not be waived, and that the action should be dismissed. *Fritts* v. *Camp*, 94 Cal. 393; *Urton* v. *Woolsey*, 87 Cal. 38; *Gurnee* v. *Superior Court*, 58 Cal. 88.

In Michigan, under a statute which provides that certain actions "shall be tried in the county" where one of the parties shall reside at the commencement of the action, unless the court, under certain circumstances, shall order it to tried in another county, the supreme court, in an action commenced in another county than the one in which, by the terms of the statute, it should be tried, held that the court in which suit was brought had no jurisdiction. *Haywood* v. *Johnson*, 41 Mich. 598.

Having thus considered the constitutional provision respecting the commencement and trial of actions, it becomes important next to determine whether the legislative enactments, or any portion thereof, concerning the same subject, are in conflict with the paramount law, for, under a familiar rule of construction, such enact-

ments, in so far as they are in conflict with or repugnant to the provisions of the constitution, are void. Chapter 17 of the Laws of 1896 is entitled "An act amending sections 3193 to 3201, inclusive, of the Compiled Laws of Utah, 1888, relating to the trial of causes in the district courts, and the transfer of the same." Section 3193 provides: "Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in the Code," and then follow several subdivisions concerning actions with respect to real estate. There appears to be nothing in this section or its subdivisions which is in contravention of the constitution, except that the last clause quoted, referring to the power of the court to change the place of trial, must be limited to actions commenced in the proper county. The same may be said with reference to section 3194, relating to actions for the recovery of penalties imposed by statute, and to actions against public officers for acts done by them by virtue of office. In section 3195, the provision that certain actions against a county may be commenced and tried in any county is in excess of legislative authority, and void; otherwise that section appears to be valid. The sections of the statute thus far considered but slightly and indirectly affect the main question in the case at bar; section 3196 being the one under which this suit was brought. It reads: "In all other cases the action must be tried in the judicial district in which the defendants, or some of them, reside at the commencement of the action; or, if none of the defendants reside in the territory; or, if residing in this territory, the judicial district in which they reside is unknown to the plaintff, the same may be tried in any judicial district the plaintiff may

designate in his complaint; and if the defendant is about to depart from the territory, such action may be tried in any judicial district where either of the parties reside or service is had; subject, however, to the power of the court to change the place of trial as provided in this Code." This provides that all cases, except those embraced in the preceding sections, above referred to, must be tried in the county in which the defendants, or some of them, reside at the commencement of the action, or, under certain circumstances, in any county which the plaintiff may designate in his complaint, regardless of where the cause of action arose. Obviously, the provisions of this section are directly opposed to those of the constitution hereinbefore interpreted, and therefore cannot have the force of law, and are void. The provisions of the constitution cannot be altered or repealed in this way. When that instrument speaks, all the departments of the government must obey, and this even though inconvenience may occasionally result. For like reasons, section 3197, relating to change of venue, is void, and ineffectual for any purpose. So, for similar reasons, subdivision 1 of section 3198 is null and void.

We do not deem it important to the decision of this case to express any opinion respecting the validity of the remaining sections of chapter 17, nor as to chapter 93, Sess. Laws 1896. The court, in the case at bar, having proceeded under sections 3196, 3197, which are void, had no power to render a valid and binding judgment against the defendant. Our conclusions, from the consideration of the several provisions of the constitution and statutes, are that the court in this case had no jurisdiction to hear and determine the cause; that, therefore, its judgment is null and void; that no demand in writing was necessary or proper, because the court had no power to grant a

change of venue, under the circumstances, but could simply dismiss the case upon becoming aware that the cause of action arose in another county than the one in which it was commenced; and that in this state all actions, civil and criminal, must be commenced and tried in the county in which the causes arise, unless a change of venue be taken after suit brought in the proper county, in such cases as may be provided by legislative enactment. As the action must be dismissed, a discussion of the other questions presented in the record is not necessary. The judgment is reversed and the cause remanded, with directions to the court below to dismiss the action.

ZANE, C. J., and MINER, J., concur.