THE DESERET IRRIGATION COMPANY, AND THE LEAMINGTON IRRIGATION COMPANY, APPELLANTS, *v.* SAMUEL McINTYRE ET AL., RESPONDENTS.

1. *Constitutional Law—Venue.*

Under section 5, art. 8, Const., all actions, civil and criminal, must be commenced and tried in the county in which the causes arise, unless a change of venue be taken, after suit brought in the proper county, in such cases as may be provided by legislative enactment.

2. *Same.*

> Where a cause of action arises in two or more counties, the plaintiff may elect in which county he will bring his action.

3. *Cause of Action.*

> Water wrongfully diverted in one county to the injury of plaintiff's rights in another constitutes one cause of action.

4. *Same—Statutory Construction.*

> Section 14, chap. 52, Sess. Laws 1897, is not in conflict with section 5, art. 8, Const., and, under its provisions, persons claiming water rights adverse to those of the plaintiff, or who have diverted water from the same stream, may be made parties to a suit to determine their several rights and priorities, even though they reside without the county wherein the suit is commenced; nor are sections 3181, 3192, 3468, Comp. Laws Utah 1888, in excess of legislative authority; nor is section 3193, Id., as amended in chapter 17, Sess. Laws, 1896, in conflict with section 5, art. 8, Const., except that the clause referring to the "power of the court to change the place of trial" must be limited to actions commenced in the proper county.

(No. 891.   Decided Feb. 26, 1898. )

Appeal from district court, Fifth district.  E. V. Higgins, *Judge.*

Action by the Deseret Irrigation Company and another against Samuel McIntyre and others.  From an order dismissing the action as to certain defendants, plaintiffs appeal.  *Reversed.*

This is an action to determine the rights of the plaintiffs and defendants to the waters of the Sevier river, flowing between a certain dam in Sanpete county and the canals of the plaintiffs in Millard county, and for a perpetual injunction to prohibit the defendants from using or in any manner interfering with the water of the river, to which the plaintiffs are entitled.  A motion to dismiss, on the ground that the court had no jurisdiction of the cause, supported by affidavit, was filed by defendants

Fayette Canal Company, sued as Fayette Irrigation Company, Robbins Dam & Canal Company, and Alfred J. Robbins, sued as Edward Robbins, and A. Thomas Kearnes. The motion was sustained and the action dismissed as to the defendants. Thereupon the plaintiffs appealed.

It is alleged in the complaint, substantially, that the plaintiffs own, by prior appropriation, a portion of the water in Sevier river, and have the right to and did divert the same from the natural channel thereof, by means of dams and ditches or canals in Millard county; that they have the right to regulate, control, and distribute the water owned by them, through their canals, to lands situate in Millard county and owned by their respective stockholders; that the plaintiffs and the defendant the Deseret & Salt Lake Agricultural & Manufacturing Canal Company, in the high-water season, own sufficient of the water flowing in the river to fill their respective ditches, and in the low-water season own all the water flowing in the river channel from a point above the Fayette dam, alleged to have been wrongfully constructed in Sanpete county by the defendant Fayette Irrigation Company, which point is distant about .65 miles above the point of intersection of the plaintiffs' canals with the river; that the Sevier river is a natural stream of water, flowing in its natural course through the counties of Sanpete, Juab, and Millard; that the defendants Fayette Company, Robbins Dam and Canal Company and Robbins and Kearnes claim some interest in the water of the river adverse to plaintiffs' rights, and threaten to continue so to do, and to divert water from the river in derogation of the rights of plaintiffs, and that the parties to this action are the only parties who claim the right to divert water from the river between the points mentioned.

From an affidavit in support of the motion to dismiss it appears that the defendant corporations which filed the motion were organized and their stockholders reside and their lands are situate in Sanpete county; that the water alleged to have been wrongfully diverted by them is diverted by means of the Fayette dam and ditches, which are in Sanpete county, and that the defendants Robbins and Kearnes are residents of that county.

*Rawlins, Thurman, Hurd & Wedgwood,* for appellants.

*Moyle, Zane & Costigan,* for respondents.

After a statement of the case as above, BARTCH, J., delivered the opinion of the court:

Counsel for the appellants insist that this action was properly brought in Millard county, because the dams and ditches of the plaintiffs, and lands to be irrigated by means of the dams and ditches, are situated in that county, and this regardless of the fact that the principal place of business and residence of the defendants, and their dams and ditches, were in Sanpete county. The 'respondents, it seems, contend that the cause of action set up consists of certain trespasses on real property situated in Sanpete county, and have challenged the jurisdiction of the district court of Millard county to try the cause, by a motion to dismiss the suit, maintaining that under section 5, art. 8, Const., it should have been brought in Sanpete county, where the alleged wrongful acts of the defendants are stated to have been committed. It is further contended, on behalf of the respondents, that section 14, c. 52, p. 219, Sess. Laws 1897, is in conflict with that section of the constitution, and is invalid; and, if their theory be correct, the validity of sections 3181, 3192, 3468, Comp. Laws Utah 1888, will also be drawn in question. The constitutional

provision referred to reads as follows: "All civil and criminal business, arising in any county, must be tried in such county, unless a change of venue be taken, in such cases as may be provided by law." This provision was considered in the case of *Konold* v. *Railway Co.*, 16 Utah 151, and we there held:

"The word 'business' was used as a general term, to include causes of action and all other business which might arise in any county, and the manifest intention was that all suits, civil and criminal, should be brought, and the cases tried, in the county in which the causes of action arose, unless a change of venue should be taken in such cases as might be provided by law."

That a case must be commenced in the county where the cause of action arose is therefore no longer open to question in this state, but this court has not yet decided where a case, like the one at bar, shall be commenced, in which it appears that certain acts complained of as wrongful were committed in one county and caused injury in another. The legislature has provided, in section 14, above mentioned, that, upon bringing a suit for the "protection of rights acquired to water, the plaintiff may make any or all persons who have diverted water from the same stream or source," and claim rights adverse to him, "parties to such action," and settle the priorities and rights of all the parties in one suit; and, in such case, if damages are claimed for a wrongful diversion of such water, judgment may be entered therefor, for or against one or more of the plaintiffs, or for or against one or more of the defendants. In an action "concerning joint water rights, or joint rights in water ditches," where no partition is asked, the court may determine the "controversy as if the same were several as well as joint." Evidently, under this provision of the statute, persons claiming water

rights adverse to those of the plaintiffs, or who have diverted water from the same stream, may be made parties to a suit to determine their several rights and priorities, even though they reside without the county wherein the suit is commenced, and we perceive nothing in this section which is in conflict with the provision of the constitution above quoted; nor do we perceive anything in sections 3181, 3192, 3468, Comp. Laws Utah, 1888, which is in excess of legislative authority. In neither of these sections of the statutes is it provided where the venue in an action shall be laid, and we have been cited to no provision of the constitution which limits the power of the legislature respecting the subject-matter of the several enactments mentioned. Nor does the clause quoted from section 5 of the constitution designate, either expressly or by implication, the county wherein a suit shall be commenced, when the things which constitute the cause of action happen in two or more counties. As has been seen, it is the settled law of this state, both by constitutional provision and judicial construction, that every suit must be brought in the county in which the cause of action arose. Therefore when, in a case like the one at bar, the plaintiff bases his right to recover on certain material facts, some of which arose in one county and some in another, all of which being essential to his right, the important question is, where did the cause of action arise? To determine this question, it becomes necessary to ascertain what is essential to a cause of action in such a case, and then to determine the venue by the aid of the common law; for it is well settled that the common law was in force in the territory of Utah at the time of the framing of the constitution, so far as not incompatible with our situation and government. *People* v. *Green*, 1 Utah 11; *Thomas* v. *Railroad Co.*, Id. 232.

All wrongs are regarded as merely a privation of right, and the natural remedy is to put the injured party in the same position as he was before the wrong was committed. This may be effected by making restitution of the subject-matter in dispute or by making pecuniary satisfaction in damages. An inchoate right to receive satisfaction accrues to an injured party the moment he receives a wrongful injury, though the damages may not be fully ascertained until determined by the intervention of law by action brought for that purpose. The term "action" is defined to be "the lawful demand of one's rights." 3 Bl. Comm. 116. Where, therefore, a wrong has been committed by one person, and an injury has resulted, as a sequence to another, the injured party has a lawful demand against the wrongdoer. If the injury be to real property, as a trespass, or waste, or the like, an action therefor will be local, and the plaintiff must declare his injury to have happened in the county and place where it did actually happen; and if the acts which caused the injury in one county were committed in another, or if the cause of action consists of two or more material facts, which arose in different counties, the venue at common law may be laid in either. 3 Bl. Comm. 294, and note 3; Com. Dig. 263, note 11; 1 Chit. Pl. 268, 269; *Sutton* v. *Clarke*, 6 Taunt. 29.

So, many actions, in which it is not sought directly to recover real property, are local, at the common law, because they arise by reason of some local right or interest, or out of some local subject, such as the common-law action of waste, trespass *quare clausum fregit*, trespass on the case for injuries to things real, as for obstruction or diversion of ancient water courses, nuisances, waste, etc., to houses, lands, water courses, right of way, or other real property. In *Watts* v. *Kinney*, 23 Wend. 484, it was said: "It appears to be conclusively settled that an action on

the case for diverting a water course so far savors of the realty as to be classed with local actions." *Doulson* v. *Matthews*, 4 Term R. 503; *Watts* v. *Kinney*, 6 Hill 82.

The general doctrine at common law, no doubt, is that an action for injury to real property, as trespass, or case for nuisance, is local, and must be commenced within the county or district in which the land lies. Where, however, an act has been committed in one county or district, which caused injury to realty in another, suit may be brought in either. In such case the cause of action may be said to have arisen in either county. In Gould, Pl. p. 105, § 108, referring to actions local, the author says: "If, however, a tortious act, committed in one county, occasions damage to land or any other local subject, situate in another, an action for the injury thus occasioned may be laid in either of the two counties, at the choice of the party injured. Thus, if, by the diversion or obstruction of a water course in the county of A, damage is done to lands, mills, or other real property in the county of B, the party injured may lay his action in either of those two counties." In Bulwer's Case (7 Coke, 2b) the law on this subject is stated thus: "When one matter in one county is depending upon the matter in another county, there the plaintiff may choose in which county he will bring his action.    *    *    *    In all cases where the action is founded upon two things done in several counties, and both are material or traversable, and the one without the other doth not maintain the action, there the plaintiff may choose to bring his action in which of the counties he will." Among the examples given in the case is this: "If a man doth not repair a wall in Essex, which he ought to repair, whereby my land in Middlesex is drowned, I may bring my action in Essex, for there is the default, as is adjudged in 7 Hen. IV. pl. 8, or I may bring it in

Middlesex, for there I have the damage." So in *Barden* v. *Crocker*, 10 Pick. 390, the supreme court of Massachusetts said: "And the second point is equally clear for the plaintiff. He may unquestionably maintain his action in either county—in Bristol, where the obstruction was raised, as well as in Plymouth, where the injury was sustained." 28 Am. & Eng. Enc. Law 225–227; *Lower Kings River Water-Ditch Co.* v. *Kings River & Fresno Canal Co.*, 60 Cal. 408; *Foot* v. *Edwards*, 9 Fed. Cas. 358 (No. 4,908); *Thayer* v. *Brooks*, 49 Am. Dec. 474; *Oliphant* v. *Smith*, 3 P. & S. 180; *Marshall* v. *Hosmer*, 3 Mass. 23.

Some of the decisions hold that, in cases of this character, the action must be brought in the county or state where the resulting injury occurred. *Thompson* v. *Crocker*, 9 Pick. 59; *Eachus* v. *Trustees*, 17 Ill. 534; *Thorn* v. *Maurer*, 85 Mich. 569; *Deacon* v. *Shreve*, 23 N. J. Law 204.

While these cases do not militate against, but support, the venue as laid in the case at bar, still we are of the opinion that the doctrine hereinbefore stated is decidedly supported by the weight of authority; and this case comes clearly within that doctrine, as will appear from an examination of the facts.

As has been observed, an action is "the lawful demand of one's right," and such lawful demand is made because of a wrong done and an injury suffered. The wrong and the injury are both necessary elements, and the absence of either one of them would be fatal to a suit. The two elements must therefore exist and unite in order to form a good cause of action. The plaintiffs herein claim that the defendants constructed dams and ditches in Sanpete county, and by means thereof wrongfully diverted water from the Sevier river, and that, as a sequence, the plaintiffs were deprived of the water which of right belonged to them, and with which they were entitled to fill their

dams and ditches in Millard county, to distribute it to their stockholders' lands in that county. The right of plaintiffs to have that portion of the river, to which they were entitled, flow in the natural water course to the heads of their ditches, is an incorporeal hereditament appurtenant to the water course. The complaint shows that this right was invaded by a wrongful diversion in Sanpete county, by the defendants, and that damage or injury resulted to the plaintiffs in Millard county. The facts concerning the wrongful diversion and consequent injury are all essential to the plaintiffs' right of action. Neither the facts relating to the diversion alone, nor those relating to the injury alone, are sufficient to constitute a cause of action against the defendants. This is so, because the mere construction of dams and ditches in Sanpete county, or even the diversion of the water from the river, gave the plaintiffs no right to complain, so long as the water, to which they were entitled, was not diverted thereby. Likewise, as to the injury, unless it were shown that it was caused by the wrongful acts of the defendants. Thus it is plain that some of the material facts arose in Sanpete county and some in Millard county, and the cause of action may properly be said to have arisen in each county. Therefore the plaintiffs had the right to elect in which they would bring their action, and, having chosen to bring it in Millard county, where a part of that which is essential to their right to recover took place, the venue was properly laid.

In *Lower Kings River Water-Ditch Co.* v. *Kings River & Fresno Canal Co.*, *supra*, a case somewhat similar to the one at bar, it was said: "The acts complained of are preventing water from flowing in plaintiff's ditch. The ditch is located in both counties. Therefore the subject of the action is in both counties, and the action might

have been brought in either. It is true that the specific act complained of, viz., the diverting of the water, occurred in Fresno county, at the head of defendants' ditch, and not at all upon plaintiff's ditch; but the consequence of that act operated upon the whole of plaintiff's ditch, and was injurious as well to that part of it in Tulare county as to that in Fresno county. In no sense can the injury be said to be confined to that part of the ditch in Fresno county. The ditch is an entirety, and the right to have water flow in it is co-extensive with plaintiff's right to the ditch itself."

Nor are the common-law principles invoked in the decision of this case opposed to the clause of section 5, art. 8, of the constitution, hereinbefore quoted. While, under that provision, an action must be commenced in the county where the cause arises, still it does not designate the county in which an action shall be brought, when the essential facts necessary to the plaintiff's recovery arise in two or more counties, except that the bringing of the action is, doubtless, limited to a county where the wrong was committed, or where the effects of the wrong became manifest by the resulting injury. The provision of the constitution not being clear as to the venue in such a case, we have a right, and it is our duty, to resort to the common law to ascertain from that great fountain, if possible, the true meaning of the terms of the fundamental law, and, for such purpose, its provisions should be understood and construed in the light and with the assistance of the common law, and with the fact in view that its rules are still in force, except as controlled by the constitution. Cooley, Const. Lim. p. 75. Nor is section 3193, Comp. Laws Utah, 1888, as amended in chapter 17, p. 90, Sess. Laws 1896, void as being in conflict with section 5, art. 8, Const. Its language is as follows: "Actions for

the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this Code: (1) For the recovery of real property, or of an estate or interest therein, or for the determination, in any form, of such right or interest, and for injuries to, real property; (2) for the partition of real property; (3) for the foreclosure of all liens and mortgages on real property. Where the real property is situated partly in one county and partly in another, the plaintiff may select either of the counties, and the county so selected is the proper county for the trial of such action."

This section was incidentally considered in *Konold* v. *Railway Co., supra,* and we then said there appeared to be nothing in it, or its subdivisions, "which is in contravention of the constitution," except that the clause referring to the "power of the court to change the place of trial" must be limited to actions commenced in the proper county. We now reaffirm what was said there, it being in harmony with the views herein expressed. With the limitation as to the change of the place of trial, the section is not in excess of legislative authority. It, as will be observed, does not expressly provide where the actions referred to therein shall be commenced, but in accordance with the rules of the common law, and in the absence of constitutional restraint, it is therein specified that actions respecting realty shall "be tried in the county in which the subject of the action, or some part thereof, is situated"; which means that an action affecting the realty shall be tried in the county where the business or the cause arises, or, if the cause of action arises in more counties than one, then in either of such counties.

Counsel for the respondents ingeniously argue that

every trespass, committed on the water of an appropriated stream, gives rise to a cause of action in favor of the owner of the water against the trespasser, and that, if the contention of the appellant be true, that all such causes may be united in one action to quiet title though the trespasses may be committed in different counties, it will needlessly multiply parties and issue, and give rise to lawsuits which will require almost endless time for trial. The fallacy of such an argument may be easily detected, when we consider, for a moment, the endless lawsuits which the respondents' contention would entail, and the needless expenditure incident to a multiplicity of suits where one would suffice. The argument applied to suits to quiet title is so opposed to economic and equitable principles as not to merit serious consideration. We are of the opinion that the court erred in dismissing the complaint. The case must, therefore, be reversed, and the cause remanded, with directions to set aside the order of dismissal and entertain the action. It is so ordered.

ZANE, C. J., and MINER, J., concur.