SEWARD H. FIELDS and Others, Appellants, Respondents, v. THE DAISY GOLD MINING COMPANY, a Corporation, and Others, Respondents, and A. T. MOON, Receiver, Respondent and Cross-Appellant.

THE SALT LAKE HARDWARE COMPANY, a Corporation, Respondent, v. THE DAISY GOLD MINING COMPANY, a Corporation, and Others, Respondents, and A. T. MOON, Receiver, Respondent and Cross-Appellant.

| 26 | 373 |
| 26 | 388 |
| 26 | 398 |
| 26 | 404 |
| 26 | 405 |
| 26 | 414 |
| 26 | 433 |

| 26 | 373 |
| 27 | 51 |
| f27 | 55 |
| e27 | 85 |

| 26 | 373 |
| 30 | 110 |
| 30 | 111 |

| 26 | 373 |
| 31 | 117 |
| e31 | 119 |

No. 1364. (73 Pac. 521.)

1. **Mortgages: Liens: Foreclosure: Venue.**
Revised Statutes 1898, section 3498, provides that there can be but one action for the recovery of a debt or the enforcement of any right secured by mortgage; and section 2928, declares that actions for the foreclosure of all liens and mortgages on real property shall be tried in the county in which the subject of the action is situated. *Held*, that an action to foreclose a mortgage and certain liens on a mining claim was properly brought in the county where the claim was situated.

2. **Same: Objections: Waiver: Appeal.**
Where a receiver in an action to foreclose a mortgage and certain liens on a mining claim appeared and answered the complaint without objection to the court's jurisdiction on the ground that the venue was not properly laid, he could not urge such objection for the first time on appeal.

(Decided August 15, 1903.)

Appeal from the Third District Court, Tooele County. —*Hon. A. N. Cherry*, Judge.

Action by Seward H. Fields, trustee, and another to foreclose a trust deed executed by the Daisy Gold

Mining Company. The Salt Lake Hardware Company also commenced a suit against the mining company to foreclose its mechanic's lien. The hardware company appeared in the action commenced by Fields and answered and set forth its claim by way of cross-complaint. The two cases were consolidated, tried and appealed together (see 25 Utah 76). The said A. T. Moon, as receiver, also appealed from the decree but his appeal was not perfected at the time the other was determined. The only questions now involved are those raised by the appeal of the receiver.

AFFIRMED.

C. S. *Patterson, Esq.,* and *Geo. W. Moyer, Esq.,* for cross-appellant.

*Messrs. Pierce, Critchlow & Barrette* for respondent Fields.

*Messrs. Frick & Edwards, Charles C. Dey, Esq., W. H. Bramel, Esq., C. W. L. Stevens, Esq.,* for respondent Salt Lake Hardware Company.

BASKIN, C. J.—On July 28, 1900, Seward H. Fields, as trustee, filed his complaint in the district court of Tooele county, Utah, to foreclose a certain trust deed given by the Daisy Gold Mining Company, a corporation of the State of Nebraska, and in which action numerous lienholders were made parties, and A. T. Moon, as the receiver of said Daisy Company, was also made a party defendant. On August 28, 1900, after the foregoing complaint was filed by Fields, the Salt Lake Hardware Company, a corporation, which was not made a party in the Fields complaint, commenced an independent action against said Daisy Gold Mining Company to foreclose a mechanic's lien upon the property of said Daisy Company in Tooele county, Utah. The foregoing actions were consolidated and tried together in Tooele county, Utah. The trust deed conveyed to the said

Fields, as trustee, certain mining claims situate in Tooele county, together with a mill for the treatment of ore, and other improvements and appurtenances belonging to said claims, to secure the payment of certain promissory notes, amounting in the aggregate to the sum of $25,000, and payable to the several owners and holders thereof at Salt Lake City, in the county of Salt Lake. Upon the trial of said actions a decree was entered directing that the property aforesaid be sold, and the proceeds thereof applied in satisfaction of certain liens and the claims of the beneficiaries under the trust deed, in the order therein specified. As between the Salt Lake Hardware Company and said trustee, priority of payment was awarded to the former. From that part of the decree an appeal was taken, and has been determined. See 25 Utah 76, 69 Pac. 528. The said A. T. Moon, as receiver, took a separate appeal from the decree; but as that appeal was not perfected at the time the other one was passed upon, and is still pending, the only questions now involved are those raised by the receiver.

1. His first contention is that, as the notes secured by the trust deed were payable in Salt Lake county, the cause of action arose in Salt Lake county, and that under article 8, section 5, of the Constitution, in which it is provided that "all civil and criminal business arising in any county, must be tried in such county, unless a change of venue be taken, in such cases as may be provided by law," the court had no jurisdiction of the subject matter of the actions in question, and therefore the decree of foreclosure rendered by the court in Tooele county is void. The question of jurisdiction is raised for the first time in this court. It is evident from the context of the aforesaid section of the Constitution that the word "business" was used in the sense of "causes of action." White v. Rio Grande Wes. Ry. Co., 25 Utah 346, 71 Pac. 593; Konold v. Rio Grande Wes. Ry. Co., 16 Utah 151, 155, 51 Pac. 286; Deseret Irr. Co. v. McIntyre, 16 Utah 398, 403, 52 Pac. 628; Mosby v. Gis-

born, 17 Utah 257, 275, 54 Pac. 121; Condon v. Leipsiger 17 Utah 498, 501, 55 Pac. 72. While a cause of action may arise from the violation of an obligation arising from business, under no legal or general definition of the word is business an element of a cause of action. An obligation is frequently created by business arising at different times in several counties, but the same cause of action, unless it is transitory, cannot arise at different periods of time, and, as a general rule, cannot arise in different jurisdictions. The constituent elements of a cause of action consist of either the violation of a legal obligation, or the omission to perform a duty imposed by law, or the commission of a wrong by a person which results in injury to another, and of either the actual damage, or the damage implied by law, caused thereby. Mr. Justice Cooley, in Post v. Campau, 42 Mich. 96, 3 N. W. 272, said: "The elements of a cause of action are, first, a breach of duty owing by one person to another; and, second, a damage resulting to the other from the breach." In Foot v. Edwards, 3 Blatchf. 313, Fed. Cas. No. 4,908, Mr. Justice Ingersoll said: "The commission or omission of an act by the defendant, and damage to the plaintiff in consequence thereof, must unite, to give a good cause of action. No one of these facts by itself is a cause of action against the defendant." In City of North Vernon v. Voegler, 103 Ind. 319, 2 N. E. 821, it is said: "In every valid cause of action two elements must be present—the injury and the damage. The one is the legal wrong which is to be redressed; the other, the scale or measure of the recovery." Hodsoll v. Stallebrass, 11 Adol. & Ellis 310; Roberts v. Read, 16 East 215; Warner v. Bacon, 8 Gray 405, 69 Am. Dec. 253; White v. Rio Grande Wes. Ry. Co., 25 Utah 346, 71 Pac. 593. Damage, however, is not necessarily an element of an equitable cause of action, for in many cases the equity courts restrain threatened wrongs to prevent the infliction of damages. There are other cases in equity in which the matter of damage is

not involved. It follows that, in order to render the provisions of the Constitution in question intelligible, the term "causes of action," as held in White v. Rio Grande Wes. Ry. Co., supra, must, in construing said section, be substituted for the word "business." When so substituted the provision in question is simply a declaration of the common law on the subject of venue. "In common-law practice the venue is that part of the declaration in an action which designates the county in which the action is to be tried." Rapalje, Law Dict. "Venue" is defined in Anderson's Law Dictionary as follows:, "Locality; neighborhood; place of trial; county. The county where a cause is to be tried." Under the common-law the place of trial is the county or jurisdiction in which the cause of action arises, and when the venue is not properly laid, and that fact is disclosed by the declaration, the action may be dismissed on demurrer, and if that fact is not so disclosed the defendant may plead it in abatement. Transitory actions, however, at common law, could be instituted in any jurisdiction in which the defendant was served with process, on the principle that "as soon as a person becomes liable in such action to another either by reason of a tort or contract the liability attaches to the person, and follows him wherever he goes." 22 Am. and Eng. Ency. of Law, 784. Under most of the modern codes of civil procedure the practice in respect to the venue is the same as at common law. Maxwell, Code Pl., p. 358. This brings us to the consideration of whether the venue in the case at bar was properly laid in Tooele county. In passing upon this question it is necessary to determine whether the district court of the Third Judicial District had jurisdiction of the subject-matter of said actions, and whether the causes of action on which they are based arose in Tooele county. The judicial power of the State is vested by article 8, section 1, of the Constitution, "in the Senate, sitting as a court of impeachment, in a Supreme Court, in district courts, in justices of the peace, and

in such other courts inferior to the Supreme Court, as may be established by law.'' By the seventh section of said article the district courts are vested with original jurisdiction in all matters civil and criminal not excepted in the Constitution and not prohibited by law, and justices of the peace, by section 8, with such jurisdiction as had been previously provided by law. Justices of the peace do not possess jurisdiction in actions of foreclosure, nor are such actions within the exceptions of the Constitution, nor are the district courts prohibited by law from exercising jurisdiction therein. Tooele and Salt Lake counties are in the Third Judicial District, and the judge before whom said cases were tried in Tooele county was one of the judges of that district, and had authority to try cases of foreclosure in both of said counties. It therefore follows that the district court in said district had jurisdiction of the subject-matter of the actions in question. This conclusion is also sustained by the provisions of section 5 of said article 8, which authorizes the enactment of a law providing for a change of venue, for it is evident that the Legislature by that provision did not intend to authorize the change of venue to a court having no jurisdiction of the subject-matter of the action, or to affect the general original jurisdiction of the district courts respecting the subject-matter of actions conferred by section 7.

2. It is well settled that an absolute deed or a deed of trust given to secure a debt is in effect a mortgage. Azzalia v. St. Clair, 23 Utah 401, 64 Pac. 1106, and cases there cited. Section 3498, Revised Statutes 1898, provides that ''there can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage.'' An action of foreclosure, under the modern codes, and also in equity, when the relief sought is the sale of the mortgaged property, is in the nature of a proceeding in rem. 2 Wiltsie on Mort. Forecl., p. 1030, sec. 7a; 9 Ency. Pl. and Pr., 133; 1 Kinkead, Code Pl., p. 675. And the venue therein must, in general, be laid in the jurisdiction in which the land

mortgaged is situated, for there is where the cause of action arises. Bliss, Code Pl., p. 88, sec. 36. In Maxwell's Code Pleading, p. 358, it is said: "The general rule now is that an action for the recovery of real property, or of any estate therein, must be brought in the county where the property is situated; and the same rule prevails in an action to foreclose a mortgage or other lien on, or for the partition of, real estate." Section 2928, Revised Statutes 1898, provides: "Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this Code: (1) For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property. (2) For the partition of real property. (3) For the foreclosure of all liens and mortgages on real property. Where the real property is situated partly in one county and partly in another, the plaintiff may select either of the counties, and the county so selected is the proper county for the trial of such action." In the case of Konold v. Rio Grande Wes. Ry. Co., 16 Utah 151, 161, 61 Pac. 256, the court, in reference to section 3193, Comp. Laws 1888, which is the same as the foregoing section of the Revised Statutes, said: "There appears to be nothing in this section or its subdivisions which is in contravention of the Constitution, except that the last clause quoted, referring to the power of the court to change the place of trial, must be limited to actions commenced in the proper county." To the same effect, see Deseret Irr. Co. v. McIntyre, 16 Utah 398, 403, 52 Pac. 628. The venue in the case at bar was properly laid in Tooele county.

3. There is another reason why the objection of the receiver to the venue should not prevail. It appears that he answered the complaint of the trustee, and went to trial upon the issues raised thereby, without objection to the jurisdiction of the court, and raised

the objection for the first time in this court. Where
the court in which an action is instituted has jurisdic-
tion of the subject matter, the lack of jurisdiction
on other grounds must, under the Code of Civil Pro-
cedure, be raised either by demurrer or answer, or the
right to object to the jurisdiction on other grounds is
waived by the defendant. White v. Rio Grande Wes.
Ry. Co., supra, and the cases there cited; Gibbs v. Gibbs,
26 Utah 382, 73 Pac. 641. This is the general practice
both under the modern codes, at common law, and in
courts of equity. Dilatory matters are not favored by
courts of justice, and must be raised at the earliest op-
portunity, except in the absence of jurisdiction of the
subject-matter, which can not be waived or conferred
by the consent of the parties.

4. It appears from the record that the deed of
trust was executed by the vice-president of the Daisy
Mining Company, in the absence of the president, in
pursuance of a resolution authorizing the former to
execute the same; that the seal of the corporation was
attached to the deed, but it was not countersigned by
the secretary; that as a consideration for the deed the
company was paid $25,000 in cash, and the same was
used by the company in the payment of its debts and
the completion of its reduction works; and that said
company has not offered to pay back to the parties
from whom said sum was borrowed, or to the trustee,
the amount thereof, or any portion of the same. At
the close of the trustee's evidence in chief, the receiver
joined in a motion for a nonsuit on the grounds: "(1)
That the plaintiff has failed to prove the authority in
each instance, with respect to the notes offered in evi-
dence, of Mr. Gardner to sign and execute the same;
that the corporate seal upon the notes does not import
any authority. (2) Upon the ground that the plain-
tiff has failed to prove that the trust deed or mortgage
offered in evidence was executed by the company, by
any person having authority; that in that respect the
authority of Mr. Gardner to execute the same is spe-

cifically denied, placing the burden of proof upon the plaintiff, which is not overcome by the adoption of the seal in this State. The seal imports no presumption of authority.'' This motion was overruled, and the receiver excepted. The bill of exceptions of the receiver does not contain any of the evidence offered in chief by the trustee, or any exception to the introduction in evidence of either of the notes or trust deed; nor does it anywhere appear in the record that at the trial any objection whatever was made to the introduction of either of them. An objection to the informality of the execution of the notes and trust deed, or a want of authority to execute the same, if relied upon by the receiver, to be available, should have been made when offered in evidence at the trial. As the record fails to show any such objection, and does not contain the evidence offered in chief by the trustee, the motion for a non-suit was properly denied.

The record does not disclose any reversible error. The decree of the court below is affirmed, with costs.

BARTCH, J.—I concur in the judgment, as per opinion filed by me in case of Gibbs v. Gibbs, 26 Utah 382, and considered herewith.

McCARTY, J.—I concur in the judgment. Under section 2928, Revised Statutes, 1898, the district court of Tooele county had jurisdiction of the subject-matter of the action; and, the receiver having answered and gone to trial without objection, he waived jurisdiction on all other grounds, and cannot now raise the question for the first time in this court.