SUPREME COURT.

JOHN HOWARD MARCH agt. ALBERT LOWRY and others.

In a local action—for the foreclosure of a mortgage—the court is not expressly authorized to change the place of trial, where the county designated for that purpose in the complaint, is not the proper county. A *demand* to change the place of trial, and a consent or an order of the court thereon, are essential to change it. (*Code*, § 126.)   Otherwise the trial may be had where the venue is laid.

The sale of the property to several separate purchasers, on the mortgage foreclosure in this case, was set aside, on the ground that the premises were sold much below their value.   No opposition except by one purchaser, to whom was allowed terms.

*New - York General Term, December*, 1857.

*Present, Justices* MITCHELL, CLERKE *and* DAVIES.

MOTION on part of Albert Lowry, one of the defendants, to set aside a sale made by referee of mortgaged premises, and the judgment, on the ground of inadequacy of price which the lots brought on the sale, and also on the ground as claimed, that the judgment was void, because the place of trial was in the city and county of New-York, instead of Westchester county, where the mortgaged premises were situated.   Judge ROOSEVELT at special term, had denied the motion, and an appeal was taken to the general term.

J. W. EDMONDS, *for defendant Lowry.*
H. W. ROBINSON, *for plaintiff.*
N. RICHARDSON, *for O'Keefe, purchaser.*

By the court—MITCHELL, Justice.   The action is for the foreclosure of a mortgage on lands in Westchester county. The place of trial indicated by the complaint and subsequent proceedings, is the city of New-York.   After judgment, and a sale of part of the property, it is objected that the place of trial should have been in Westchester county.

The Code declares, that actions must be tried in the county in which the subject of the action, or some part thereof, is situated, (subject to the power of the court to change the place of trial.)   Among other things, when the action is for the foreclosure of a mortgage on real property.   (§ 123.)   But it is equally explicit, that if the county designated for that purpose in the complaint be not the proper county, the action may, notwithstanding, be tried therein, unless the defendant before the time for answering expires, demand in writing that the trial be had in the proper county, and the place of trial be thereupon changed by consent of parties, or by order of the court, as provided in the section.   (§ 126.)   This section does not expressly authorize the court to change the place of trial, when the county designated for that purpose in the complaint, is not the proper county.   Thus, a demand to change the place of trial, and an order of the court thereon, are essential to change the place of trial, even in local causes of action ; and where the complaint does not state the proper county, the last section places the application to change the place of trial because the cause of action is local, on the same footing in one respect as when the motion is founded on the convenience of witnesses.   In both cases, there must be a demand or motion to change it, and in both, there must be a consent to the change or an order of the court.   The proceedings are regular in the county first selected, unless the consent to change be given, or an order of the court be made to that effect.

The application was also made to set aside the sales, on the

ground that the property was sold much below its value. On notice to the various purchasers, none object to it but one. The defendants' affidavits tend to show, that the property sold for one-fifth of its value. The purchaser who objects, admits that what he bought, sold for less than half its value. The sale was advertised for one day, and postponed to another, by the plaintiff, on account of the extremely low prices at which sales were made. The motion to rescind the sales as to those who do not oppose, must be granted as by default; as to the other, he does not strenuously oppose, but he should receive a fair indemnity for his costs and counsel fees, and something for the loss of a bargain. Let him be paid $250, to cover all his losses, and in lieu of the gain that he might have made, and let the property be re-advertised, the defendants also paying to the plaintiff $10, the costs of this motion, and all the costs of the former advertisement of sale.