JOHN F. McNEE ET AL., PLAINTIFFS IN ERROR, V. THOMAS SEWELL, DEFENDANT IN ERROR.

1. **Sheriff**: LIABILITY OF SURETIES ON BOND. The sureties on the bond of a sheriff are liable in an action on a judgment of amercement against the sheriff for failing to return an execution.

2. **Action on judgment of amercement, where brought.** An action on a judgment of amercement may be brought against the sureties on an official bond in the county where the amercement was had although none of the defendants reside in such county.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Foxworthy & Son*, for plaintiff in error, cited: Civil Code, §§ 54, 517. *Dunn v. Hazlett*, 4 Ohio State, 436. *Allen v. Miller*, 11 Id., 374.

*A. W. Field*, for defendant in error, cited: *Kane v. U. P. R. R.*, 5 Neb., 105. *Langdon v. Summers*, 10 Ohio State, 80. *Goodrich v. Omaha*, 11 Neb., 206.

MAXWELL, J.

In November, 1879, the plaintiff in error, John F. Mc-Nee, was elected sheriff of Thayer county, and executed an official bond to said county, with A. W. McKinney, Charles Sponsler, S. A. Mahoffer, and A. C. Sponsler as sureties, and thereafter entered upon the duties of his office. In the year 1880 certain parties recovered judgments against one Ellen Gray, in the district court of Lancaster county, upon which executions were issued and delivered to said McNee, as sheriff of Thayer county, who neglected to execute and return the same. Afterwards proceedings in amercement were instituted against him in the district court of Lancaster county, and the court found that said sheriff was liable

McNee v. Sewell.

to amercement, and thereupon made an order that he be amerced in the amount of the debt, etc., of each of said executions.   These amercement claims were assigned to the plaintiff, who brings this action against the principal and sureties on McNee's official bond.   Two defenses are interposed.   *First*.  A general denial.   *Second*.  That the principal and sureties were, at the time of executing the bond, and now are, residents of Thayer county.   The principal facts are admitted, and the only questions for determination are: *First*.  Are the sureties liable? *Second*.  Was the action properly brought in Lancaster county?

Sec. 513 of the code is as follows:   "If any sheriff or other officer shall refuse or neglect to execute any writ of execution to him directed, which has come to his hands, or shall refuse or neglect to sell any goods and chattels, lands, and tenements, or shall neglect to call an inquest and return a copy thereof forthwith to the clerk's office, or shall neglect to return any writ of execution to the proper court on or before the return day thereof, or shall neglect to return a just and perfect inventory of all and singular the goods and chattels by him taken in execution, unless the sheriff or other officer shall return that he has levied and made the amount of the debt, damages, and costs; or shall refuse or neglect on demand to pay over to the plaintiff, his agent, or attorney of record, all moneys by him collected or received, for the use of said party, at any time after collecting or receiving the same, except as provided in section four hundred and ninety-eight; or shall neglect or refuse on demand made by the defendant, his agent, or attorney of record, to pay over all moneys by him received for any sale made beyond what is sufficient to satisfy the writ or writs of execution, with interest and legal costs, such sheriff or other officer shall, on motion in court and two days' notice thereof in writing, be amerced in the amount of said debt, damages, and costs, with ten per centum thereon, to and for the use of said plaintiff or defendant, as the case may be."

Sec. 517 provides that: "No sheriff shall forward by mail any money made on such execution unless he shall be specially instructed to do it by the plaintiff, his agent, or attorney of record. In all cases of a motion to amerce a sheriff or other officer of any county other than the one from which the execution issued, notice in writing shall be given to such officer, as hereinbefore required, by leaving it with him or at his office, at least fifteen days before the first day of the term at which such motion shall be made, or by transmitting the notice by mail at least sixty days prior to the first day of the term at which such motion shall be made. All amercements so procured shall be entered on the record of the court, and shall have the same force and effect as a judgment."

Sec. 518 provides that: " Each and every surety of any sheriff or other officer may be made a party to the judgment as rendered as aforesaid, against the sheriff or other officer, by action, to be commenced and prosecuted as in other cases. But the goods and chattels, lands and tenements of any such surety shall not be liable to be taken on execution, when sufficient goods and chattels, lands and tenements of the sheriff, or other officer, against whom execution may be issued, can be found to satisfy the same. Nothing herein contained shall prevent either party from proceeding against such sheriff or other officer by attachment, at his election."

Sec. 54 provides that: "Actions for the following cases must be brought in the county where the cause or some part thereof arose: *First.* An action for the recovery of a fine, forfeiture, or penalty imposed by a statute; except that when it is imposed for an offense committed on a river, or other stream of water, or road, which is the boundary of two or more counties, the action may be brought in any county bordering on such river, water-course, or road, and opposite to the place where the offense was committed. *Second.* An action against a public officer, for an act done by him in

virtue, or under color of office, or for a neglect of his official duty.    *Third.*   An action on the official bond or undertaking of a public officer."

The statute makes the sureties on the official bond of the sheriff liable in an action upon a judgment of amercement.   There is no claim that the judgment of amercement was not properly rendered, and no defense of that kind is interposed.   There is no doubt, therefore, that the sureties on the bond in this case are liable.

*Second.*   The action may be brought in any county where the cause of action or some part thereof arose.   Now where did the cause of action arise?   The judgments were recovered and executions issued in Lancaster county, and were returnable to that county.   The wrong was in failing to return the executions to the court issuing the same.

That court, therefore, is given power by the statute to punish such wrong by amercement.   The officer was ameable to the court issuing the executions, and the cause of action having arisen there, the action was properly brought against the sureties in the county where the cause of action arose.

There is no error in the record, and the judgment must be affirmed.

JUDGMENT AFFIRMED.