Zeller vs. Martin.

---

ZELLER, Respondent, vs. MARTIN, imp., Appellant.

*December 6, 1892 — January 10, 1893.*

*Joinder of parties: Change of venue.*

One defendant cannot complain that he is joined with another, when
the liability is joint and several; nor can he insist upon a change
of venue not desired by his codefendant, where the latter is equally
interested, and has answered separately, and is not in collusion with
the plaintiff.

APPEAL from the Superior Court of *Milwaukee* County.

This action was for trespass and false imprisonment,
brought in the superior court of Milwaukee county against
the defendants, *Martin* and Gaynor, for acts done by them,
respectively, as county judge and sheriff of Waukesha
county, in which they reside. The summons and complaint
were served on both defendants November 23, 1891. The
defendant Gaynor answered the complaint November 27th,
without having taken any steps to obtain a change of place
of trial. On the 5th of December, Messrs. Ryan & Merton,
assuming to act as attorneys for both defendants, served a
notice of retainer and demand for a change of place of the
trial from Milwaukee county to Waukesha county, on the
ground that both defendants were, when the action was
commenced, and still are, residents of the latter, and not
of Milwaukee county, and that Waukesha county was
the proper place of trial of the action. It was claimed that
Gaynor, on the 4th of December, had authorized the firm
of Ryan & Merton to demand a change of place of trial for
him, as well as *Martin*, and that they had proceeded ac-
cordingly. The plaintiff's attorneys returned these papers,
for the reason that the defendant Gaynor had already ap-
peared and answered by another attorney. After the pa-
pers so served had been returned, Mr. Merton saw Gaynor
about the matter, and the latter said that the attorney who

had appeared for him had done so without authority, and he would see him about it; that he soon returned, refusing to join in the demand for a change of the place of trial, or to do anything about it, saying that he was all right, any way. On December 10th, on behalf of *Martin* alone, another like demand for a change of place of trial was served, but neither of these demands was acceded to by the plaintiff's attorneys.

On the 14th of December the defendant *Martin* answered the complaint, and on the 29th of the same month he procured an order on the plaintiff's attorneys to show cause why the place of trial should not be changed as demanded, based on his own affidavit, in substance, that unfriendly relations existed between defendant Gaynor and himself, and also between himself and Gaynor's attorney, and that he verily believed " that said action was brought in the county of Milwaukee for the reason and with collusion between the plaintiff and defendant Gaynor, and that Gaynor was made a party for the express purpose so that he [*Martin*] could not remove it or have the place of trial changed to Waukesha county," and also upon other affidavits, showing other circumstances giving some color to the charge of collusion. But one of the plaintiff's attorneys, in his affidavit, stated "that the defendant Gaynor was not made a party defendant for the purpose of preventing a removal of the action, but for the reason that in his opinion he (Gaynor) was liable on the cause of action stated." The court denied the application on the ground that the collusion claimed by the defendant *Martin* was not established, and that he was not entitled to a change of place of trial of the action; and he appealed from the order denying his motion.

For the appellant there were briefs by *Ryan & Merton,* and oral argument by *E. Merton.*

For the respondent there was a brief by *Turner & Timlin,* and oral argument by *W. H. Timlin.*

Zeller vs. Martin.

PINNEY, J.   1. The plaintiff had a right to determine for himself on the frame of his action, and to make as many or as few of the alleged joint tort feasors defendants as he chose.   "A defendant has no right to say that an action shall be several which the plaintiff elects to make joint." *Smith v. Rines,* 2 Sum. 348.   It was for the plaintiff to elect to proceed against both these defendants jointly upon a liability several as well as joint, and the defendant *Martin* has no right to object to this method of proceeding; and so, too, in a case where the result of such joinder is to defeat a right of removal of the cause from a state to the United States circuit court, which the defendant complaining of such joinder would have been entitled to as a matter of right had he been sued alone.   *Pirie v. Tvedt,* 115 U. S. 41, 43; *Sloane v. Anderson,* 117 U. S. 275, 278, 279.

2. The county of Waukesha was the proper county to be named as the place of the trial of the action: (1) The defendants both resided there at the time of its commencement; (2) they were sued for acts done by them in that county as public officers, and in virtue of their respective offices.   R. S. sec. 2619, par. 2, subd. 1, and par. 6.   But if the place of trial was designated in the wrong county, it could be changed only in the manner pointed out in the statute, namely, by demand therefor, to be served within twenty days after the service of the summons, and, if not complied with within five days thereafter, by motion for such change, which is required to be made within twenty days after the service of such demand; but, if no such demand is made, the county designated in the complaint shall be the place of trial.   Secs. 2620-2622.

The general rule is that all the defendants must unite in the demand and motion for a change of place of trial, but some exceptions thereto have been indicated in *Wolcott v. Wolcott,* 32 Wis. 63, where it was held that a defendant named in the summons, but who had not appeared and was in default, need not join in the motion; and so in *Eldred*

*v. Becker,* 60 Wis. 48, where one named as a defendant in the summons had not been served and had not appeared, and in *Hewitt v. Follett,* 51 Wis. 270, 271, where the defendants not joining were not real parties to the matter to be litigated between the other defendants and the plaintiff. But the general rule is as above stated. *Rupp v. Swineford,* 40 Wis. 28; *Levy v. Martin,* 48 Wis. 198, 204.

Each defendant has a right to determine for himself whether he will join in a demand and motion for a change of the place of trial, and, when defending separately against a cause of action for which the defendants are jointly as well as severally liable, to pursue such policy and course in his defense as shall seem best calculated to promote his interests. As held in *Wolcott v. Wolcott,* 32 Wis. 63: " In such case the rights of the defendant who does not join in the application are certainly equal to those of his codefendant, and it seems very clear that the statute ought not to be so construed as to give the latter the control of the action in this particular, to the exclusion of the former." The fact that in this respect each (the plaintiff and defendant Gaynor) has availed himself of his lawful right has no tendency to show that they are in collusion, or that Gaynor was collusively joined as a defendant, to prevent *Martin* from obtaining a change of the place of trial of the action. The defendant *Martin* certainly has no right to absolutely control the conduct of the defense, and to insist on a demand of change of the place of trial not desired by his codefendant, Gaynor. They are equally interested in the action; for, if a verdict should be found against them, there can be but one assessment of damages as against both. The charge of collusion is very feebly sustained, and is, as we have seen, positively denied. The superior court properly denied the motion for a change of the place of trial.

*By the Court.*— The order of the superior court of Milwaukee county is affirmed.