## SNYDER v. PIKE.

No. 1604. Decided December 20, 1905 (83 Pac. 692).

1. APPEAL — RULINGS IN FAVOR OF APPELLANT — REVIEW.—Where respondent has no cross-appeal and does not assign cross-assignments of error, the court on appeal cannot review a decision in favor of appellant.

2. VENUE — STATUTORY PROVISIONS — VALIDITY.—Revised Statutes 1898, sections 2928-2932, fixing the place of trial in civil actions, and section 2933, providing that, if the county in which the action is brought is not the proper county, it may be tried therein, unless defendant when he appears demands trial in the proper county, are not a violation of Constitution, article 8, section 5,

providing that all civil business arising in a county must be tried therein, unless a change of venue is taken.[1]

3. COURTS — DISTRICT COURTS — JURISDICTION.—The jurisdiction of the district court conferred by Constitution, article 8, section 7, providing that the district court shall have original jurisdiction in all matters civil, is the power to pass on the subject-matter of the controversy without reference to whether it has jurisdiction of a particular case.[2]

4. MORTGAGES — FORECLOSURE — VENUE — JURISDICTION. — Under Revised Statutes 1898, section 2928, providing that actions for the foreclosure of mortgages on real estate must be brought in the county where the same is situate, and section 2933, providing that, if the county in which the action is commenced is not the proper county for trial, the action may be tried therein, unless defendant at the time he appears and answers demands that the trial be had in the proper county, the district court has jurisdiction of. a suit to foreclose a mortgage of real estate situate in another county, in the absence of a demand for a change of venue to the proper county.

5. VENUE—OBJECTIONS—WAIVER.—A defendant failing to avail himself of the provisions of Revised Statutes 1898, section 2933, authorizing a defendant to demand that a cause commenced in a wrong county shall be transferred to the proper county, or otherwise failing to challenge the jurisdiction of the court on the ground that the suit was not brought in the proper county, waives the objection, and cannot attack the judgment collaterally.

APPEAL from District Court, Emery County; Jacob Johnson, Judge.

Action by C. Beldin Snyder against W. R. Pike. From a judgment for plaintiff, defendant appeals.

REVERSED.

*Powers* and *Marioneaux* and *Edward Pike* for appellant.

*M. M. Warner* and *D. D. Houtz* for respondent.

---

1 Gibbs v. Gibbs, 26 Utah 382, 73 Pac. 641; Fields v. Daisy Gold Min. Co., 26 Utah 373, 73 Pac. 521; Sherman v. Droubay, 27 Utah 47, 74 Pac. 348.

2 White v. Railway Co., 25 Utah 346, 71 Pac. 593; Fields v. Daisy Gold Min. Co., 26 Utah 373, 73 Pac. 521.

### APPELLANT'S POINTS.

Where there is an assignment of the mortgage it will not pass or transfer the debt or note which the mortgage secured without also assigning the debt or note; for the indebtedness is not considered as passing by a mere transfer and assignment of the mortgage. (20 Am. and Eng. Ency. of Law (2 Ed.), 1028, 1030, 1033; 1 Wiltsie, Mortgage Foreclosure, p. 923.)

A foreclosure suit is not strictly speaking an action *in rem.* It is partly an action *in rem* for the seizure and sale of the property, and partly an action *in personam* for the ascertainment of the debt of the mortgage debtor and obtaining a personal judgment against him. (8 Am. & Eng. Enc. of Law (1 Ed.), p. 204; 2 Jones on Mort. (5 Ed.), p. 365, sec. 1444.)

"All civil and criminal business arising in any county must be tried in such county, unless a change of venue be taken in such cases, as provided by law." Under the construction given the above constitutional provision, in the following cases, by this Court, the above quoted statute (R. S., 2928) is unquestionably in conflict with the constitution and Pike properly brought his action of foreclosure in Utah county, the place where his right and cause of action arose. (*Konold v. Railroad,* 16 Utah 151; *Irrigation Co. v. McIntyre,* 16 Utah 398; *Moseby v. Gibson,* 17 Utah 257; *Brown v. Bache,* 17 Utah 435; *Condon v. Leipsiger,* 17 Utah 498; *Mining Co. v. McMaster,* 19 Utah 177; *Woodward v. Edmund,* 20 Utah 118.)

"There was here jurisdiction of the subject-matter, that is, of the general class of cases to which the particular case belongs, and where such jurisdiction exists specific objection to the jurisdiction must be opportunely made and duly brought into the record. (*McCoy v. Abel,* 131 Ind. 419, 130 Ind. 405, 97 Mo. 424, 90 Mo. 365; *Jackson v. Smith,* 120 Ind. 520.)

Jurisdiction of the subject-matter is the power lawfully conferred to deal with the general subject involved in the action." (*Hunt v. Hunt,* 72 N. Y. 217; *St. Louis, etc., Rd. v. Lowder,* 60 Am. St. 565.)

A court of general jurisdiction having equity powers and the right to foreclose mortgages generally has jurisdiction of the subject-matter and where the defendant fails to make his demand to have the case transferred to the proper county, as by statute provided, waives all right to object to the jurisdiction of the court. (*Trapier v. Waldo*, 16 S. C. 276; See also 38 N. W. 439; 14 How. Prac. 54; *Chouteau v. Allen*, 70 Mo. 290; *Brown v. Burris*, 6 Conn. 198, 40 Hun 532; *Dotie v. Deposit, etc., Association*, 43 L. R. A. 553.)

"Statutes usually provide specifically where all actions belonging to certain designated classes shall be brought. At common law, the venue must be laid in the proper county in local actions, or the court is without jurisdiction. But this rule has been materially modified in many if not most of the States, by statutory provisions to the effect that, where the action is brought in the wrong county, the defendant must, within the designated time, demand that the same be transferred to the proper county, or the court in which it is brought shall have jurisdiction." (*Woodward v. Hanchett*, 52 Wis. 482, 49 N. W. 468; *Fletcher v. Stowell*, 28 Pac. 326; *Houch v. Lasher*, 17 How. Pr. 520; *West v. Walker*, 77 Wis. 557, 46 N. W. 819; *Blackford v. Lehigh R. Co.*, 53 N. J. L. 56, 20 Atl. 735; *Walker v. Stroud*, (Tex.), 6 S. W. 202; *De La Vaga v. Teague*, 64 Tex. 214; *Watts v. White*, 13 Cal. 321.)

RESPONDENT'S POINTS.

"If the action be commenced in a county other than that in which the real estate is situated, the court is without jurisdiction." "Or that where such action is commenced in the proper county, the place of trial will not be changed upon the ground that the defendant resides in another county, as may be done in personal actions." (*Duffy v. Duffy*, 38 Pac. 443; *Warner v. Warner*, 100 Cal. 11; *Hancock v. Burton*, 61 Cal. 70; *Fritz v. Camp*, 94 Cal. 393; *Miller v. Hall* (Howard), N. Y. Prac. 325; *Gould v. Bennett*, 59 N. Y. 124. N. Y. Code of Civil Prac., sec. 987, is the same as sec. 2928, Revised Statutes of Utah.)

It is the universal practice, that upon an appeal, if the reviewing court, upon consideration of the whole case, is of the opinion that the judgment of the lower court is correct, even though the lower court arrived at such judgment upon an erroneous line of reasoning, the reviewing court will affirm the judgment and assign the proper reason therefor, and will ignore the reasons assigned by the lower court. (2 Spelling on New Trial, sec. 693; *Belger v. Sanchez,* 137 Cal. 614, and many other California cases; *Forester v. Copper Mining Co.,* 23 Mont. 122, and other Montana cases; *Water Co. v. Osborne,* 25 Nev. 53; *Lockhart v. Wills,* 9 N. Mex. 344; *Lockhart v. Johnson,* 181 U. S. 516; *Tribune Co. v. Barnes,* 7 N. Dak. 591; *Birmingham v. Cheetham,* 19 Wash. 657.)

"If the amount necessary to redeem from a sheriff's sale is paid to the proper officer, in a bank draft, which is accepted by the officer but not actually collected until after the expiration of the time for redemption, the redemption is nevertheless complete. It is not essential that the payment be made in money, unless so required by the officer." (*Buford v. Henzier,* 8 Biss. 177, Fed. Cas. No. 2114; *Webb v. Watson,* 18 Iowa 537; *Carter v. Lewis,* 27 Mich. 241; *Sanderson v. Menage* [Minn.], 43 N. W. 66; *Jersup v. Carey,* 61 Ind. 584; *Society v. Burnett,* 106 Cal. 514; *Comptoir D'Escompte de Paris v. Dresbach,* 78 Cal. 15.)

### STATEMENT OF FACTS.

The record in this case presents substantially the following facts: The Copper Globe Mining Company, a corporation was, in 1899, the owner of certain mining claims situate in Emery county. On September 29, 1899, it gave to W. R. Pike a mortgage upon said claims to secure a debt of $2,000 evidenced by a promissory note of even date, due and payable to Pike six months thereafter at the First National Bank of Provo, Utah, in United States gold coin, with interest at the rate of one per cent. per month both before and after judgment. The mortgage was duly recorded May 31, 1900. The Copper Globe Mining Company had its principal office and did its business at Provo, where its officers resided, and where

all the business in connection with the note and mortgage was had and transacted. On October 15, 1900, Phillips and Childs obtained a judgment against the Copper Globe Mining Company in the district court of Emery county for the sum of $200, interest and costs. An execution was issued on the judgment in December, 1900, and the said mining claims of the Copper Globe Mining Company were levied upon and sold by the sheriff of Emery county on February 4, 1901, at which execution sale Phillips and Childs became the purchasers for $261, and a certificate of sale of the mining claims mentioned was issued to them by the sheriff on the last-mentioned date. On April 18, 1901, Pike brought an action in the Fourth judicial district court of Utah county on his said note, and for foreclosure of his mortgage against the Copper Globe Mining Company. Phillips, Childs, and J. R. Wren & Co., a corporation, which was also a judgment creditor of the said mining company, were made defendants. Summons was personally served upon each of the defendants. J. R. Wren & Co. filed a general demurrer to the complaint, but afterwards withdrew it and consented that default might be taken against it, which was done. Phillips and Childs neither answered or otherwise pleaded to the complaint, and default of each was duly entered. On March 29, 1902, foreclosure proceedings on Pike's complaint were had before the Fourth judicial district court sitting at Provo, and the court made its findings and entered a decree directing a sale of the mortgaged premises for the payment of the indebtedness due Pike, which the court found to be $3,214.60. In pursuance of the order of sale made by the court, the sheriff of Emery county, on May 14, 1902, sold said mining claims, at which sale Pike became the purchaser for the sum of $3,305, being $3.55 less than the aggregate amount of the judgment, interest and costs. The sheriff, on the last-mentioned date, issued and delivered to Pike a certificate of sale of said mining claims, which was duly recorded. On November 16, 1901, Childs and Phillips conveyed by quitclaim deed said mining properties to Snyder, the plaintiff herein. On November 4, 1902, Snyder, for the purpose of redeeming said property from mortgage foreclosure sale, de-

livered to the sheriff a bank certificate of deposit, payable in gold coin, for the sum of $3,504.33, on the Provo Commercial & Savings Bank at Provo City, Utah, and also made proof to the sheriff that he (Snyder) was a redemptioner and had the right to redeem. The sheriff accepted and received the bank certificate of deposit and gave Snyder a certificate of redemption. The last day on which redemption could be had from the mortgage foreclosure sale was November 14, 1902, and on the 14th or 15th day of that month Pike, at Castle Dale, in pursuance of the certificate of sale held by him, demanded of the sheriff the money or a sheriff's deed for said mining claims, as called for by the certificate of sale. The sheriff tendered Pike the bank certificate of deposit left with him by Snyder for redemption, but Pike refused to accept the certificate of deposit upon the ground that it was not legal tender, and informed the sheriff that, unless the amount required to be paid for redemption was paid in money, he would, on Monday following, which was the 16th or 17th day of November, demand a sheriff's deed. On the following Monday (November 16th or 17th) Pike demanded of the sheriff a deed, and the sheriff, not having anything but the bank certificate of deposit, which was again refused by Pike, and not being able to make a tender of money, executed and delivered to Pike a sheriff's deed to the mining claims in question, and returned the bank certificate of deposit to Snyder at Provo. On October 2, 1903, Snyder brought this action in the district court of Emery county to quiet title in himself to the mining claims in controversy. The case was tried and duly submitted, and the court found and adjudged, in substance and effect, that the tender of the bank certificate of deposit made by Snyder as redemptioner to redeem said mining claims was not a tender or payment of lawful money of the United States, and therefore not a redemption of the property. But the court further held and adjudged that the Fourth judicial district court did not have jurisdiction to foreclose the mortgage referred to because the mining claims were situate wholly within Emery county, and that all proceedings of the mortgage foreclosure were void,

and that therefore the sheriff's deed delivered to Pike under and by virtue of said proceedings and order of sale was also void. The court further adjudged that Snyder was the owner and entitled to the possession of the mining claims in question, subject to Pike's mortgage lien. From that part of the judgment holding that the Fourth judicial district court was without jurisdiction to foreclose the mortgage, and that Snyder was the owner and entitled to the possession of the property in controversy. Pike has appealed to this court.

McCARTY, J., after making the foregoing statement of the case, delivered the opinion of the court.

The two main or principal questions submitted to and determined by the lower court were: First, did the Fourth judicial district court, sitting at Provo, Utah county, have jurisdiction of the subject-matter to foreclose Pike's mortgage? And, second, if so, did Snyder, as a redemptioner, make such a tender of payment of money as, under the law, operated as a redemption of the property in question from the mortgage foreclosure sale? The court found the issues involving the first proposition in favor of Snyder, and held that the district court sitting at Utah county was without jurisdiction; and the second point in the case was decided in favor of Pike, who has appealed. Snyder has no cross-appeal, nor has he cross-assignments of error; hence we cannot review the decision of the trial court on this question. And we are not prepared to say, even if the findings of the court on this point were properly before us for consideration, that the trial court erred in holding that the tender of payment by Snyder of the bank certificate of deposit was not such a tender of payment as the law requires. Therefore the only question presented by this appeal is: Did the trial court err in holding that the district court of Utah county was without jurisdiction to foreclose the Pike mortgage?

The sections of the Revised Statutes of Utah of 1898, relating to the fixing of the place of trial in civil actions, so far as material to the determination of the question involved, provide as follows:

"Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the power of the court to change the place of trial as provided in this Code. . . . . For the foreclosure of all liens and mortgages on real property." (Section 2928, c. 7, Code Civ. Proc.)

Sections 2929 to 2932, inclusive, provide where other kinds of actions not enumerated in section 2928 shall be tried; and section 2933 of the same chapter, which was in force at the time suit for the foreclosure of Pike's mortgage was commenced, but which has since been repealed, provided that:

"If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein unless the defendant at the time he appears and answers or demurs files an affidavit of merit and demands in writing that the trial be had in the proper county."

Respondent contends that under section 2928 suits for the foreclosure of mortgages can be brought only in the county where the mortgaged premises sought to be foreclosed are situated and, as the mining claims in question are wholly within Emery county, the district court of Utah county exceeded its constitutional powers and acted without jurisdiction; and that the mortgage foreclosure sale of the mining claims was and is a nullity. Appellant, on the other hand, insists that section 2928 is in conflict with section 5, art. 8 of the Constitution, wherein it provides that

"All civil and criminal business arising in any county must be tried in such county unless a change of venue be taken as provided by law."

While the decisions of this court construing and defining the meaning of this clause of the Constitution are not harmonious, it is sufficient to here state, without entering upon a discussion of the subject, that the more recent cases wherein the question was before this court hold the provisions of the statute fixing the place of trial in civil cases are not in conflict with said section of the Constitution. (*Gibbs v. Gibbs*, 26 Utah 382, 73 Pac. 641; *Fields v. Daisy Gold Min. Co.*, 26 Utah 373, 73 Pac. 521; *Sherman v. Droubay*, 27 Utah 47, 74 Pac. 348.) And after a further consideration of this jurisdic-

tional question, I fail to see any reason why the ultimate conclusion arrived at in those cases should be disturbed.

Appellant's next contention is that, conceding section 2928 to be valid, the district court of Utah county had original jurisdiction to foreclose the mortgage, and, if respondent desired to have the cause tried in Emery county where the mortgaged premises are situated, it was incumbent upon him to file an affidavit of merits and demand in writing that the cause be transferred as provided by section 2933, supra. Section 7, art. 8, of the Constitution, provides that

"The district court shall have original jurisdiction in all matters civil and criminal not excepted in this Constitution and not prohibited by law."

It must be conceded that under this provision of the Constitution the district court of Utah county had jurisdiction of the subject-matter of the action; that is, jurisdiction to hear and determine actions generally which are brought to foreclose mortgages on real property. For the term "subject-matter of the action" has a well-defined and understood meaning. As stated by appellant, in his brief "it is not whether the court has jurisdiction of the particular case, but as to whether it has jurisdiction of the class of cases to which the particular case belongs." This is not only in accord with the rule announced in the case of *White v. Railroad Co.*, 25 Utah 346, 71 Pac. 593, and *Fields v. Mining Co.*, supra, but is in harmony with the doctrine as declared by the authorities generally. Works, in his treatise on Jurisdiction, on page 333, says:

"A court may have jurisdiction to pass upon title to real estate, or to foreclose mortgages generally. Therefore it has jurisdiction of such a subject-matter. And the sole question under the statutes we are considering is whether a court, having such jurisdiction, shall try the question of title, in the particular case out of the county where the land lies. The decisions are to the effect that the only question in such a case is as to the place where it shall be tried, and that this is a matter of personal privilege that may be waived."

Brown on Jurisdiction, section 10, says:

"The subject of the controversy does not relate to the particular case before the court, but whether the court has power to try an issue involving the same subject."

In the case of *Hunt v. Hunt,* 72 N. Y. 217, 28, Am. Rep. 129, the court says:

"Jurisdiction of the subject-matter is power to adjudge concerning the general questions involved, and is not dependent upon the state of facts which may appear in the particular case arising, or which is claimed to have arisen, under the general question. One court has jurisdiction in criminal cases, another in civil cases; each in its sphere has jurisdiction of the subject-matter. Yet the facts and the acts of the party proceeded against may be the same in a civil as in a criminal case. . . . We conclude that jurisdiction of the subject-matter is the power lawfully conferred to deal with the general subject involved in the action." (Bailey on Jurisdiction, sec. 4; 17 A. & E. Enc. Law [2 Ed.], 1060, and cases cited in note 4. *State ex rel. Egan v. Wolever*, 127 Ind. 306, 26 N. E. 762; *McCoy v. Able*, 131 Ind. 419, 30 N. E. 528, 31 N. E. 453; *Jackson v. Smith*, 120 Ind. 520, 22 N. E. 431; *St. Louis, etc., Ry. Co. v. Lowder* [Mo.], 39 S. W. 799, 60 Am. St. Rep. 565.)

Section 2928, Revised Statutes Utah 1898, referred to, provides where the jurisdiction thus conferred by the Constitution shall be exercised when the subject-matter of the action is the foreclosure of a mortgage on real property, and when read and construed with section 2933, which was in force at the time of the commencement of the foreclosure suit in question, leaves no doubt as to the jurisdiction of the district court of Utah county to hear and determine the cause; there being no demand on the part of the defendants, or either of them, to have the action transferred to the "proper county" as provided by said section 2933. In Works on Jurisdiction, p. 126, the author says:

"Statutes usually provide specifically where all actions belonging to certain designated classes shall be brought. At common law, the venue must be laid in the proper county in local actions, or the court is without jurisdiction. But this rule has been materially modified in many, if not most, of the States, by statutory provisions to the effect that, where the action is brought in the wrong county, the defendant

must, within a designated time, demand that the same be transferred to the proper county, or the court in which it is brought shall have jurisdiction." (*House v. Lockwood*, 40 Hun 532; *Fletcher v. Stowell* [Colo.], 28 Pac. 326; *West v. Walker*, 77 Wis. 557, 46 N. W. 819; *Walker v. Stroud* [Tex. Sup.], 6 S. W. 202.)

Respondent cites and relies upon the case of *Sherman v. Droubay*, supra, in support of his contention that the district court of Utah county was without jurisdiction to foreclose the Pike mortgage. In that case, suit was commenced in Salt Lake county to foreclose a trust deed on real property situated in Tooele county, which trust deed was given to secure a note made payable in Salt Lake city and county. The defendant appeared and challenged the jurisdiction of the court, and, furthermore, section 2933, supra, had been repealed before the action was commenced. The case is therefore clearly distinguishable from the action brought to foreclose the Pike mortgage in two particulars. In the case of *Sherman v. Droubay*, the defendant appeared and challenged the jurisdiction of the court to try the case in Salt Lake county; in the case of *Pike v. Copper Globe Mining Co.*, neither the defendant company, nor Snyder's assignors, who were also made defendants, appeared and made any objections whatever to the jurisdiction of the court, or appealed from the judgment therein rendered, as was done in the case of *Sherman v. Droubay;* and without deciding what effect, if any, the repeal of section 2933 had on the question of jurisdiction or place of trial generally, it is sufficient to observe that the defendants in the foreclosure proceedings of the Pike mortgage, having failed to avail themselves of its provisions, or to otherwise challenge the jurisdiction of the court, waived it, and cannot now be permitted to successfully assail the judgment collaterally. The provisions of the Minnesota statute relating to the place of trial of civil actions are substantially the same as the statute of this state; and in the case of *Gill v. Bradley*, 21 Minn. 15, which was an action involving an interest in real estate which was situated in McLeod county, the action was brought in Hennepin county. The defendant demurred to the complaint, on the ground that the court had no juris-

30 Utah—8

diction of the subject of the action, and cited section 38 of the
Minnesota statute (Gen. St. 1866, c. 66 [Gen. St. 1894, sec-
tion 5182]), which is the same as section 2928 of our own
statute.    The court says:

"This being an action for the determination of a right or interest in
real estate, McLeod was the proper place of trial; but, by section 42
it is provided that, if the county designated for the place of trial in
the complaint is not the proper county, the action may, notwithstand-
ing, be tried therein, unless the defendant, before the time for answering
expires, demands in writing that the trial be had in the proper county.
.   .   .   This provision shows two things:    That the district court of
the designated county has jurisdiction in a case like this at bar, un-
less a written demand for trial in the proper county is made before
the time of answering expires."

The Supreme Court of South Carolina, in *Trapier v. Wal-
do*, 16 S. C. 276, a case in which this same question was in-
volved, said, in construing a statute of that state relating to
the "place of trial," the provisions of which are almost iden-
tical with the sections of the statute under consideration:

"It would seem that these regulations were prescribed exclusively
for the benefit of the parties to the suit and that parties outside of
the record have no rights in the matter, as cases of all kinds are al-
lowed to be tried in any county by consent of the parties, or by the order
of the court.    In the case before us no demand in writing was made that
the trial should be had in Georgetown county [where the mortgaged
premises were situated].    Indeed, all the defendants who were in the
State resided in Charleston [county], and doubtless, it was more con-
venient for both clients and lawyers that the case should be there
heard."

The court, in that case, held that the county in which an
action was brought had jurisdiction to try the case, no de-
mand for a change of place of trial having been made—Cit-
ing *Marsh v. Lowry*, 26 Barb. 197; *Woodward v. Hanchett*,
52 Wis. 482, 9 N. W. 468.

I am of the opinion that the district court of Utah county
had jurisdiction to foreclose the Pike mortgage, and that the
trial court in this case erred in holding otherwise.    In con-
clusion, I might add that the result arrived at in this case,
namely, that the district court of Utah county had jurisdic-

tion to foreclose the mortgage, is in accord with all the decisions of this court in which section 5, art. 8, Const., has heretofore been construed.

The judgment is reversed, with directions to the district court to set aside that portion of its findings and decree holding that the court was without jurisdiction and quieting the title to the mining claims in controversy in Snyder, and enter judgment in favor of W. R. Pike quieting and confirming the title in him as against Snyder. Costs to be taxed against respondent.

BARTCH, C. J., concurs in the result. MORSE, District Judge, concurs.