[File No. 6061.]

CHARLES HUBER, Appellant, v. FRANK X. WANNER, Sheriff of Stark County, North Dakota, and John Wanner, Deputy Sheriff of Stark County, North Dakota, State Bonding Department and State Bonding Fund in and for the State of North Dakota, Respondents.

(243 N. W. 661.)

Opinion filed June 30, 1932.

*Jacobsen & Murray,* for appellant.

305

*Otto Thress,* for respondents.

CHRISTIANSON, Ch. J. The plaintiff brought this action in the district court of Burleigh county against the defendant Frank X. Wanner, as sheriff of Stark county, and the defendant, John Wanner, as deputy sheriff of said Stark county, and the State Bonding Department as surety on the official bonds of said first two named defendants.

The alleged cause of action is that on September 27, 1931, at Dickinson, in Stark county, North Dakota, the defendants, Frank X. Wanner and John Wanner, while acting in their official capacities as sheriff and deputy sheriff respectively, without justifiable or excusable cause, shot the plaintiff, John Huber, in the head and face with a revolver loaded with powder, metal shell and tear gas and as a result injured the plaintiff to his damage. No question has been raised as to the legal sufficiency of the complaint and we are not at this time concerned therewith farther than to ascertain the nature of the cause of action upon which recovery is sought. Viets v. Silver, 19 N. D. 445, 126 N. W. 239. The complaint fixes the nature of the action for the purpose of determining the question of the right to a change of

306

venue. 5 Standard Proc. p. 6. It is apparent that plaintiff seeks to recover for acts committed by the defendants, Frank X. Wanner and John Wanner, by virtue, or under color, of their respective offices. It is only on this theory there can be any basis for a claim that the State Bonding Department is liable as surety upon the official bonds of Frank X. Wanner and John Wanner.

So far as material here, our statutes (Comp. Laws 1913) provide:

Section 7415. "Actions for the following causes must be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the court to change the place of trial in the cases provided by statute: . . .

"3. For the foreclosure of a mortgage of real property. . . ."

Section 7416. "Actions for the following causes must be tried in the county where the cause or some part thereof arose, subject to the like power of the court to change the place of trial: . . .

"2. Against a public officer, or person specially appointed to execute his duties, for an act done by him by virtue of his office, or against a person who by his command or his aid shall do anything touching the duties of such officer."

Section 7417. "In all other cases, subject to the power of the court to change the place of trial as provided by statute, the action shall be tried in the county in which the defendant or some of the defendants reside at the time of the commencement of the action; provided, if such county is attached to another county for judicial purposes, the action shall be tried in the latter county; and if none of the defendants shall reside in the state, the action may be commenced in any county which the plaintiff shall designate in the summons."

Section 7418. "If the county designated for that purpose in the complaint is not the proper county, the action may, notwithstanding, be tried therein, unless the defendant before the time for answering expires, demands in writing that the trial be had in the proper county and the place of trial be thereupon changed by consent of the parties, or by order of the court as provided in this section. The court may change the place of trial in the following cases:

"1. When the county designated for that purpose in the complaint is not the proper county." . . .

In this case the defendants, Frank X. Wanner and John Wanner,

in due time served demand (§ 7417, supra) that the place of trial of the action be changed from the district court of Burleigh county to the district court of Stark county. The defendant, State Bonding Department, did not join in such demand. Plaintiff's counsel refused to consent to a change of venue, and the attorney for the defendants, Frank X. Wanner and John Wanner, thereupon moved the district court of Burleigh county that the place of trial be changed from Burleigh county to Stark county. The motion was granted and the plaintiff has appealed from such order.

The contention of the plaintiff is that where, as here, there are several defendants, a change of venue may not be had except upon the joint demand of all the defendants.

Appellant has cited decisions from other jurisdictions under similar statutes in support of the contention advanced. These cases with two exceptions involve the right of change of venue on the ground that the defendant who sought such change was not a resident of the county in which the venue was laid. The only cases involving the right to a change of venue in what is commonly denominated a local action (27 R. C. L. pp. 778, 779, 789; 5 Standard Proc. pp. 8, 9; 40 Cyc. pp. 80, et seq.) are Snyder v. Pike, 30 Utah, 102, 83 Pac. 692, and Zeller v Martin, 84 Wis. 4, 54 N. W. 331. But the facts in those cases readily distinguish them from the case at Bar.

Snyder v. Pike, supra, involved the foreclosure of a real estate mortgage. The statutory provisions of Utah were similar, if not identical, with those in force in this state, quoted above. The action to foreclose the mortgage was brought in a county other than that in which the land was situated. The defendant in the action failed to make any demand or application for a change of venue to the proper county; but after judgment had been rendered he sought to attack it collaterally on the ground that the court was without jurisdiction and the judgment void for the reason that the action had not been brought in the proper county. The sole question involved in that case was that of jurisdiction, that is, the power of the court to hear and determine the foreclosure action and to render judgment therein. The Utah Court held that the court had jurisdiction and that consequently the judgment was not void. In short, it arrived at the same conclusion as did the Supreme Court of the Territory of Dakota in considering a similar question.

See Territory ex rel. Travelers' Ins. Co. v. Third Judicial Dist. Judge, 5 Dak. 275, 38 N. W. 439.

Zeller v. Martin, supra, was an action for trespass and false imprisonment brought in the superior court of Milwaukee county against the county judge and the sheriff of Waukesha county. Gaynor, the sheriff, did not demand a change of place of trial, but interposed an answer and joined issue in the county in which the action had been instituted. The county judge, Martin, alone made demand and applied for change of place of trial to the county in which the alleged wrongful acts were claimed to have been committed. The Supreme Court of Wisconsin held that under the facts stated in the complaint the liability of the defendants was joint as well as several; "that they were equally interested in the action;" that consequently one of the defendants had no right "to absolutely control the conduct of the defense, and to insist on a demand of change of the place of trial not desired by his co-defendant." It is unnecessary for us either to approve or disapprove of the ruling of the Wisconsin court. We do not deem it either applicable or controlling in this case. In that case only one of two public officers, sought to be held liable on account of acts committed under color or by virtue of their office, demanded and applied for a change of place of trial to the proper county. Here both public officers sought to be so held joined in the demand and application for change of the place of trial. The defendant, who did not so join is not sought to be held liable for an act committed under color, or by virtue of a public office, but as a surety upon the official bonds of the public officers sought to be held liable for such acts.

Long before the statute involved here was enacted in this jurisdiction it had been construed by the courts of New York. People v. Kingsley, 8 Hun, 233; Wintjen v. Verges, 10 Hun, 576; Cowen v. Quinn, 13 Hun, 344; Porter v. Pillsbury, 11 How. Pr. 240; Brown v. Smith, 24 Barb. 419; People v. Tweed (N. Y.) 13 Abb. Pr. N. S. 419.

In People v. Tweed, supra, it was said:

"The act was intended, undoubtedly, to promote the convenience of public officers, and to protect them against vexatious and harassing prosecutions for acts done by them in the discharge of their official duties—to save them the inconvenience and expenses of attending with

their witnesses at places remote from their respective residences." 13 Abb. Pr. N. S. pp. 421, 422.

Cowen v. Quinn, 13 Hun, 344, supra, was an action against the warden of the city prison of New York to recover damages for unlawful detention of a person who had been a prisoner. The action was brought in a county other than that in which the alleged wrongful act was charged to have been committed. The warden demanded a change of place of trial. In the decision in that case the court said:

"The defendant is a public officer, and the action is for an act done in virtue of his office. In such a case the statute (Code, § 983; former Code, § 124) requires that the action shall be tried in the county where the cause of action arose. We have no discretion in the matter." 13 Hun, p. 345.

In People v. Kingsley, supra, the court had under consideration the precise question involved here. That was an action against public officers for acts committed in virtue of their offices, in which persons other than such public officers,—joint actors in the wrongful act which formed the basis of the action,—had been made parties defendant. There, as here, it was claimed that the defendants, public officers, were not entitled to a change of the place of trial under a statute, identical with § 7416, supra. In disposing of this contention the court said:

"The defendants cannot be deprived of their statutory right by joining other parties as defendants. The right is absolute, and not a matter of judicial discretion. If, therefore, a public officer be impleaded for acts done virtute officii, the suit—so far as he is concerned—must be tried in the county where the cause of action, or some part thereof, arose. Any other rule would tend to nullify the statute; for it would be as easy to join other parties defendant as to plead bad faith, and that, too, without intending to evade; as, for instance, to join with a sheriff defendant, the plaintiffs in the execution, who directed, or the indemnitors, who upheld the levy." 8 Hun, pp. 234, 235.

In State ex rel. Stephens v. District Ct., 43 Mont. 571, 118 Pac. 268, Ann. Cas. 1912C, 343, the Supreme Court of Montana had under consideration the provisions of the Code of that state, similar or identical with the above quoted sections of the laws of this state. That was an action against the warden of the state penitentiary of Montana by a person who had been confined in the prison. Damages were sought

for alleged wrongful acts towards, and detention of, the prisoner in custody after his sentence had expired. The action was brought in a county other than that in which the state's penitentiary is situated. The warden demanded a change of the place of trial to the county in which the alleged wrongful acts were claimed to have been committed. The Montana court said:

"We think the legislature intended that an action against a public officer for a tort alleged to have been committed by him in the exercise of his authority as such officer, should be tried in the county where the act was done; and that, in cases where the place of trial is otherwise properly selected by the plaintiff, the defendant has an absolute right to have it changed to the county where such act was committed." Ann. Cas. 1912C, 345, 43 Mont. 577, 118 Pac. 268.

The Supreme Court of California in O'Neil v. O'Neil, 54 Cal. 187, had under consideration an application for a change of the place of trial of an action to determine rights to real estate wherein several parties had been made defendants. The action was brought in a county other than that in which the land was situated. The trial court denied the application for a change of venue on the ground that it was necessary for all the defendants to join in such application, and that they had not so joined. The Supreme Court of California reversed the trial court and said:

"A defendant to such an action as the one under consideration is entitled, as a matter of right, to have the action tried in the county where the land is situated. There is nothing in the provisions which require all the defendants to join in claiming such a right. It is a right which belongs to each defendant; and although it is not a vested right—because the regulations upon the subject relate only to the remedy—yet it is one which every defendant can exercise for himself so long as the remedy exists, and until he loses it by his own voluntary act. Each defendant may waive it for himself, but the waiver of one cannot be used to prejudice or destroy the right of another.

"When therefore in an action against two defendants, for determining a right to real estate situated in a different county or in different counties from that in which the action has been commenced, one of the defendants waives his right to a change of venue and the other does not, the latter is entitled, upon a proper showing, to a change to the

proper county; and it is the duty of the Court to grant his application; for, transferring the action to the proper county for trial is only doing what the plaintiff herself should have done when she commenced the action."

The right granted to a public officer to have an action against him for acts done by virtue of his office tried in the county where the cause of action, or some part thereof, arose is a valuable one, and he cannot be deprived thereof unless he waives it; or the Court upon sufficient showing and notice orders a trial to be had in some other county. § 7418, supra.

It cannot be gainsaid that this action was not brought in the proper county. Under the plain words of the statute the proper county in which to bring this action is Stark county and not Burleigh county. Stark county did not cease to be the proper county because the surety on the official bonds of the defendants was joined as a party defendant. Fishburne v. Minott, 72 S. C. 572, 52 S. E. 646. See also McNee v. Sewell, 14 Neb. 532, 16 N. W. 827; State Bd. of Pharmacy v. Rhinehardt, 116 App. Div. 495, 101 N. Y. Supp. 769; People v. Kingsley, 8 Hun, 233, supra; Wintjen v. Verges, 10 Hun, 576, supra.

The reasons which require that an action against a public officer for an act done by virtue of his office be brought in the county where the cause or some part thereof arose are as applicable and compelling in a case where the surety on the official bond is joined as a party defendant as where there is no such joinder. The decision of the trial court was clearly right. It must be, and is, affirmed.

Burr, Nuessle, Birdzell and Burke, JJ., concur.