Weygandt, C. J.
 

 It is the contention of the relator that as a matter of law he is entitled to recover the sum of $5.50 per week for the support furnished to the respondent’s decedent irrespective of the actual cost thereof.
 

 This claim is based upon the provisions of Section 1815-2, General Code (111 Ohio Laws, 80), which then read as follows:
 

 “The maximum rate for the support of inmates of such institutions shall be five dollars and fifty cents per week. Less amounts may be accepted by the board when conditions warrant such action, or when offered by persons not liable.”
 

 This statute was enacted under the authority conferred upon the General Assembly by the following language of Section 1 of Article YII of the Constitution of Ohio:
 

 “Institutions for the benefit of the insane, blind, and deaf and dumb, shall always be fostered and supported by the state; and be subject to such regulations as may be prescribed by the General Assembly.”
 

 Hence, the care of these wards of the state is made a governmental function.
 

 The relator contends that the
 
 two
 
 sentences of the statute must be read together, that the maximum rate
 
 *78
 
 of $5.50 must ordinarily be charged and that lesser amounts may be accepted only “when, conditions warrant such action, or when offered by persons not .liable.” However, under this view the word “máiimum” becomes mere surplusage since the result would be the same if the statute read:
 

 “The rate for the support of inmates of such institutions shall.be five dollars and fifty cents per week. Less amounts may be accepted by the board when conditions warrant such action, or when offered by'persons not liable.”
 

 The first sentence.of the statute provides simply that the
 
 greatest
 
 or
 
 highest
 
 rate that may be charged is $5.50 per week; and since this is so, this is not the only amount that may be charged. It is the maximum; and there is nothing in the context to indicate an intention on the part of the G-eneral Assembly to transform this governmental function into a proprietary one for the purpose of having the state conduct a business and make a profit at' the expense of these wards or those persons liable for their support.
 

 While the- wording of the statute leaves something to he .desired; the second sentence seems simply to authorize the acceptance of amounts less than actual cost “when conditions warrant such action, or when offered by persons not liable.” The relator points to the fact that the statute has been amended several times and that in its original form there was a provision requiring that the amount charged “shall not be greater than the average gross
 
 per capita
 
 cost of the preceding year; provided, that in no case shall the amount exceed $4.00 per week.” However, the later language as to “maximum rate” was not then included.
 

 The relator suggests also that his interpretation of this statute is sustained by, the provisions of Section
 
 *79
 
 18.15-10, G-eneral Code (102 Ohio Laws, 64), but again it must be observed that the context requires no inference as to a charge in excess of the cost of support.
 

 The Court of Appeals was not in error in affirming the judgment of the Court of Common Pleas.
 

 Judgment affirmed.
 

 Williams, J., not participating.
 

 Zimmerman, Bell and Hart, JJ., concur.