Hart, J.
The plaintiff claims that jurisdiction has been obtained over the defendant state officers by the issuance of process in this action and that they may be required to respond, to summons issued by the Common Pleas Court of Fulton County, as codefendants with certain officers of that county by virtue of the provisions of Section 2703.04, Revised Code, the pertinent part of which is as follows:
“When the action is rightly brought in any county, according to Sections 2307.32 to 2307.40, inclusive, of the Revised Code, a summons may be issued to any other county against one or more of the defendants at the plaintiff’s request * * (Emphasis added.)
On the other hand, the defendant state officers claim that they may not be subjected to the jurisdiction of the Common Pleas Court of Fulton County in this case because no cause of action arose against them in that county, even though they were made codefendants in the action with certain county officers of that county who may properly be sued in that county. The defendant state officers, therefore, filed their motion to quash service against them, predicating their right so to do on the provisions of Section 2307.35, Revised Code, the pertinent parts of which are as follows :
“Actions for the following causes must be brought in the county where the cause of action or part thereof arose;
í i # # #
“(B) Against a public officer, for an act done by him in *419 virtue or under color of his office, or for neglect of his official duty * *
Section 11271, General Code (Section 2307.35, Revised Code), was construed by this court in the case of State, ex rel. Hawley, v. Industrial Commission, 137 Ohio St., 332, 30 N. E. (2d), 332. That case was an action in mandamus instituted in the Court of Appeals for Summit County by a claimant seeking to require the Industrial Commission to revoke an order theretofore made denying him further workmen’s compensation. The commission filed its motion to quash service without entering its appearance, which motion was sustained on the ground that the cause of action based on a refusal to hear a claim for compensation arose in Franklin County which was the locus of the commission. The judgment of the Court of Appeals sustaining the motion was affirmed by this court.
The particular language of the statute which is applicable in the instant case was the basis of that judgment, and the question of where a cause of action arises where a claim is made against a state officer or commission was considered. The conclusion reached was that a cause of action arises at the place where the facts creating the necessity for bringing the action occur.
Other states have similar statutes establishing the venue of an action against a public officer as that place where the cause of action or part thereof arose. Such statutes requiring an action against a public officer for acts done by virtue of his office to be brought in the county where the cause of action arose have been held to confer an absolute right on the officer of which he may not be deprived. The privilege is a personal one which he may waive without affecting the jurisdiction. 92 Corpus Juris Secundum, 760, Section 54; 43 American Jurisprudence, 248, Section 502. See State, ex rel. Stephens, v. District Court, 43 Mont., 571, 118 P., 268. It has also been held that, where the statute so provides, the action must be commenced where the cause of action arose, and the joinder of codefendants who reside outside the county where the cause of action arose does not change the statutory rule. 43 American Jurisprudence, 248, Section 502. See, also, Ann. Cas. 1912C, 346, and Huber v. Wanner, Sheriff, 62 N. D., 303, 243 N. W., 661.
*420 Thus, the single question presented to this court is whether the petition sets forth a cause of action which arose in Fulton County against.the Auditor of State, Treasurer of State and state Director of Finance.
The charges made by the state for the care of feeble-minded inmates in state hospitals, in connection with which the claimed overcharges resulted, arose under the provisions of Section 1815-12, General Code (108 Ohio Laws, 552, 554), which was repealed August 23, 1943. That section as it then existed provided as follows:
“The county from which an inmate of an institution for the feeble-minded was committed shall be liable for such inmate’s support, provided the same is not paid otherwise as provided by this act. The treasurer of each county shall pay to the Treasurer of State, upon the warrant of the county auditor, the amount chargeable against such county for the preceding six months for all inmates therefrom not otherwise supported, upon the presentation of the statement thereof. * # * > >
The practice established by this statutory provision required the treasurer of each county to pay to the Treasurer of State the amount due “upon the presentation of the statement thereof.” The petition in the instant case alleges that payments were made by the county officers upon such requests by the state, and there is nothing in such practice which would of itself give rise to a cause of action against the state officers in each county to which a statement of the amount due was directed.
Considering the petition as a whole, in connection with the prayer as against the Auditor of State, Treasurer of State and state Director of Finance, plaintiff seeks a temporary injunction enjoining them from collecting funds due or claimed to be due the state of Ohio from Fulton County and an accounting of all such funds in the treasury of the state of Ohio or collected by the state of Ohio as overpayments. No acts or action in Fulton County of the defendant state officers is involved. On the other hand, plaintiff seeks, as against the clerk of courts, auditor and treasurer of Fulton County, a permanent injunction against paying any money due or to become due to the state *421 until the credits due Fulton County are properly applied. It may well be that the petition states a good cause of action against the defendant county officers but that does not solve the problem as to the state officers.
The gist of this action, as it relates to the defendant state officers, is the establishment of a debt or claim against the state of Ohio in favor of Fulton County for moneys claimed to have been overpaid to the state. This fact clearly appears on the face of the petition. The locus of that debt, if there be one, must be the county where the official duties of the officers representing the state of Ohio as to that matter are performed or carried on — Franklin County. The mere presentation of a statement of claim by a state officer to a public officer of a county for the payment of a claimed debt against the county under an appropriate statute does not constitute a breach of official duty giving rise to a cause of action against the officer within the county to which the demand is sent. We are not dealing with a situation where a state officer is bringing suit against a county or county officer to collect a claimed debt from the county.
This controversy has its foundation in a misinterpretation by state and probably by county officers of a statute which gave rise to a decision by this court in the case of State, ex rel. Herbert, Atty. Genl., v. Vermillion, Admr., 145 Ohio St., 76, 60 N. E. (2d), 659, in which it was held that the rate charged for the support of inmates of state benevolent institutions may not exceed the cost. The determination of the amount due each county, if any, is purely a ministerial matter which could give rise to no cause of action in each separate county of the state against state officers.
. . Section 2307.35, Bevised Code, is a special statute applying to public.officers and has application in the instant case, whereas. .Section 2703.04, Bevised Code, is general in its scope and has no application where a defendant is a public officer and is sued as such.
On the face of the petition, there is no pleading of facts showing a cause of action in Fulton County against the state officers, and, therefore, the motion to quash was properly sustained by the Court of Common Pleas. The reversal by the Court of Appeals of the sustaining of that motion was error.
*422 The judgment of the Court of Appeals is reversed, and that of the Common Pleas Court affirmed.

Judgment reversed.

Weygandt, C. J., Zimmerman and Stewart, JJ., concur.
Matthias and Bell, JJ., dissent.